BOUTALL, Judge.
This appeal is the sequel to the prior case of Brock v. St. James Parish Council, 400 So.2d 745 (La.App. 4th Circuit 1981). That case was an election contest suit in which this same plaintiff, Henry J. Brock, challenged the outcome of a sales tax election in St. James Parish and sought injunctive relief against the imposition of the proposed sales tax. After our decision in that case, the St. James Parish Council passed an emergency ordinance ordaining that the 1% sales tax to be imposed- by the election was not to be imposed parishwide, that is, it would not be levied in the incorporated municipalities of Lutcher and Gramercy, and ordering the abatement of the tax within the Lutcher-Gramercy General Improvement District only. Shortly thereafter, Brock filed the present suit against the St. James Parish Council and certain of its officials involved with the collection of the sales tax seeking to have the ordinance declared null and ordering the imposition of the sales tax parishwide. The trial court rendered a judgment generally favorable to Brock and the St. James Parish Council and other defendants have appealed.
Underlying most of the issues presented in the second case on this appeal is the interpretation and effect of our prior decision and the Supreme Court denial of writs. Appellant urges that the doctrine of res judicata applies to this case, the issues having been settled in the first case. We refer to Civil Code Article 3556(31) which defines a thing adjudged, and to Article 2286 which states the essential elements necessary to the authority of the thing adjudged. Comparing these cases it is clearly demonstrable that the elements necessary to maintain a plea of res judicata are lacking here. The first suit was a contest of an election imposing a sales tax; this suit has for its purpose a declaration of the authority which flows from that election and is concerned with an ordinance passed thereafter. Additionally, while the plaintiff is the same and some of the defendants are the same, there were other defendants in the original suit who are not in this suit, and the relationship of the defendants to the basic cause of action is different.
It is these essential differences in these two suits that cause some of the confusion concerning the imposition of the sales tax. The first suit was an election contest suit and the decree rendered by the trial judge in that case was as follows:
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the application for injunctive relief requested herein be and the same is hereby denied and rejected and plaintiff’s action dismissed with prejudice at plaintiff’s costs.”
That judgment was based upon two main findings, 1) that the exception of no cause of action which was leveled at the conduct of the election itself was sustained, and 2) that the imposition of the tax was not constitutionally prohibited. The reasons for judgment given by the trial judge are not a portion of the decree which is stated separately at the end of the document entitled “Judgment,” but which contains both the reasons for judgment and the decree. In his reasons as to the constitutionality of the tax, the trial judge answered the arguments and issues as they were presented by *1267 the attorneys. However, although the matter was argued to us in somewhat the same way, we noted that the proposition actually voted upon was different from the political objectives proposed by those seeking the passage of the tax election. As we pointed out in our opinion at 400 So.2d 747: “However, we see the matter as presenting a different resolution. The proposition put before the people is as follows:” and thereafter we quoted the proposition. Again, at page 749 we stated:
“Accordingly, we conclude that the proposition presented to the voters imposing a 1% sales tax within the parish of St. James is legal, and that the tax applies to the entire parish. For these reasons, it becomes unnecessary to consider the constitutional issues considered by the trial court and argued before us on appeal relative to unequal imposition of the tax and unequal distribution thereof.”
As a result, we simply affirmed the decree of the trial judge dismissing the plaintiff’s suit, which we consider to be the correct result.
In considering the issues on the present appeal, we note that the parties stipulated that this case was to be a declaratory judgment proceeding and that the question presented to the court for declaration was as follows:
“First, (Does) the judgment granted in the case entitled Henry J. Brock versus St. James Parish Council, Et al No. 5-56, Court of Appeals, Fourth Circuit, State of Louisiana permit the adoption of an ordinance by the St. James Parish Council to levy and collect the one percent sales and use tax approved by the voters on April 4, 1981, outside of the corporate limits of the sales tax district for the Towns of Lutcher and Gramercy, and effective in the rural areas of said parish only, or does said judgment require that said tax be levied and collected throughout the Parish of St. James?”
We believe the answer to that question has been properly decided by the trial judge, and we adopt his reasons for judgment as quoted:
“LEGALITY OF THE ABATEMENT
At the heart of the parties’ disagreement is the question of the force to be given to the judgment of the Fourth Circuit in Brock No. 1. Plaintiff understands the appellate opinion in Brock No. 1 to be a definitive adjudication that the tax must be levied and collected parish-wide. Although plaintiff uses inconsistent language in his petition — avering in Paragraph 3 that the appellate court stated that the tax ‘applied to the entire parish,’ but stating in Paragraph D of his prayer that the Court was merely ‘indicating that the tax is to be applied par-ishwide’ — the Court understands the gist of his contention to be that the Fourth Circuit, in Brock No. 1, ruled that the one cent sales and use tax must be collected throughout the parish. The defendants urge an entirely different reading of the Fourth Circuit’s decision, arguing that it was limited to an approval by that appellate court of the Council’s levy and collection of the tax in the five rural districts and a grant of permission also to extend the tax to the municipal areas.
The Court finds some merit in each argument, but accepts neither one completely. The ruling of the Fourth Circuit does not, as this Court understands it, order the Council to levy and collect the tax in every district, or in any district. It does, however, clearly state that the tax may be levied and collected parishwide, and that Article VI, Section 29 of the Louisiana Constitution is no bar to such action. The appellate court’s opinion is couched in permissive and not mandatory language, and to this limited extent this Court agrees with the defendants. But the defendants’ contention that the Fourth Circuit’s approval of the Council’s plan to levy the tax outside of the Lutcher-Gramercy General Improvement District is tantamount to a grant of discretion to the Council to fail to levy in the incorporated areas is not accepted. That contention is founded on the erroneous supposition that the appellate court did *1268 not consider the necessity of the imposition of the tax in the incorporated towns. For, although the holding in Brock No. 1 was not restricted to a determination of the validity of the tax in the ‘rural’ districts, that validity was in fact premised on the applicability of the tax to the entire parish.
Having decided that the tax proposition was legal, the Fourth Circuit found it unnecessary to decide the constitutional issues decided by the trial court in Brock No. 1. It is noted that the Fourth Circuit stated that it would have agreed with the trial court’s constitutional analysis in Brock No. 1 if the Council’s plans to impose the tax only in the rural areas had been ‘contained within the confines of the proposition submitted to the voters.’ This Court understands this to mean that a voter-approved variance in the rates of taxation might have been approved by the Fourth Circuit, just as the Supreme Court sanctioned a similar variance in Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971). However, there is nothing to indicate that the Fourth Circuit prejudged legislative abatement of the tax, and that issue remains for determination.
The proposition presented to the voters of St. James Parish on April 14,1981, was (in pertinent part):
Shall the Parish Council of the Parish of St. James, State of Louisiana (the ‘Council’), under the provisions of Article VI, Section 29(a) of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect, and adopt an ordinance providing for such levy and collection, a tax of one percent (1%) (the ‘Tax’) upon the sale at retail, the use, the lease or rental, the consumption, the storage for use or consumption, of tangible personal property and on sales of services in the Parish of St. James (the ‘Parish’), to the extent permitted by law. . . . (Emphasis added)
The crucial words here are ‘in the Parish of St. James (‘the Parish’), to the extent permitted by law.’ They constitute a limitation on the amount of tax the Council may levy. They do not license the Council to act any way it wishes, such as by imposing the tax at different rates in different districts or by arbitrarily exempting certain items from taxation or certain persons from the payment of the tax. The voters gave the Council no discretion to impose the tax in selected areas. They merely approved the proposition as worded on the ballot and, the Fourth Circuit having found it legal, the Council is authorized to levy and collect the tax up to an amount permitted by law. There is nothing in the proposition which authorizes the Council to impose the tax in selected districts or in any manner not uniform throughout the parish. The proposition does not purport to authorize any geographic differentiation.
The defendants, in an attempt to justify their actions, argue that the voters of the parish were told before the election that the tax would not be imposed in the area constituting the Lutcher-Gramercy General Improvement District, and plaintiff acknowledged that there was widespread publicity of the council’s representations. Defendants maintain that the voters authorized the tax on the basis of these representations. However, no cases have been cited to this Court for the authority that pre-election representations made by a legislative body can vary the explicit wording of a proposition placed on the ballot, and the extent to which the voters of St. James may have been influenced by these statements has not been proved to the Court. It is impossible to discern how many voters received the Council’s representations, the number of votes which may have been swayed thereby or whether contrary statements may have been made by spokesmen for the would-be taxing authority. Nor it is likely the defendants could have proved that the election was won on the basis of the Council’s representations without the testimony of the majority of the voters, an attempt surely *1269 to be frustrated by the sacroscant principle of the secret ballot. The good faith and integrity of the Council and its legal advisors are not doubted, but neither are they material here. The proposition which appeared on the printed ballot speaks for itself, and it is presumed that this is what the voters read. What may have been said — or not said — in variance of the written proposition’s terms cannot be investigated without setting the precedent for a judicial review of representations made in each and every election contest. Politics is not an unknown phenomenon to the judiciary, but in reviews of tax elections it must remain — in the absence of allegations of fraud or ill practices — an exterritorial one. As the Supreme Court observed in Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969), the intention of the people in voting for a ballot proposition may be ‘impossible to ascertain,’ and courts must be guided by the literal wording of the proposition. (Id. at 373).4
4 Justice Barham, in a concurring opinion, remarked (...) Perhaps, as argued, the people were led to support the proposed amendment because of misrepresentation and their consent was obtained through subterfuge, but such an assumption does not release us from our obligation to make our determination within the confines of that amendment and upon its express language. (Id. at 377)”
Plaintiff has cited no authority for the proposition that a legislative body may not modify the terms of a ballot issue approved by the voters. Defendants simply assume this may be done, also citing no authority. In Louisiana Cent. Lumber Co., Inc. v. Catahoula Parish School Board, 191 La. 470, 185 So. 885 (1939), the Supreme Court nullified the defendant’s attempt to collect a tax in any year other than that authorized by the voters. This Court views the Council’s efforts in this case to be all too similar and equally improper.
For these reasons, the Council’s action in abating the tax is declared to be illegal, null and void, and it is unnecessary to consider the constitutional issues raised.
Based upon these reasons, the court’s answer to the question of whether the St. James Parish Council may by ordinance provide for the levy and collection of the tax in the rural areas of the parish only, outside the Towns of Lutcher and Gramer-cy, is that the tax must be collected in the same fashion throughout the parish.
At this point, it is well to note that the appellant complains of the trial judge’s actions in proceeding beyond the bounds of the stipulation in arriving at his decision. We point out that the provisions in our Code of Civil Procedure for the scope of declaratory judgment are set out in Article 1871, et seq. It is the purpose of a declaratory judgment proceeding to put an end to the controversy, and the judge may refuse to entertain any such proceeding where the controversy would not be ended. The stipulations were made in these proceedings in order to end the controversy between the parties and arrive at a decision which would settle all of the pertinent issues. We do not understand appellant’s argument that the judge proceeded beyond the stipulation when the judge noted the rights of the various parties in the record and proceeded in accordance with the basic agreement to answer all of the issues presented.
As a further answer to the question, the judge noted that the petition of plaintiff for a mandamus was still in effect and apparently felt it to be within the supplemental relief provided in C.C.P. Article 1878 and necessary for the purpose of completely answering the basic question posed as well as ending the controversy. In other words, the trial judge ruled, and we agree, that the St. James Parish Council was not being required to impose and levy the tax, but had a choice of either imposing the tax on the entire parish or not imposing it at all. Considering the stipulations of the parties in this suit, we cannot say it is beyond the issues stipulated and the questions posed for answer. The trial judge was obviously determined that he was not to be held to a simple advisory opinion as to *1270 what the decision of the Court of Appeal meant, but that he intended to utilize the full scope of the declaratory judgment procedure set out in C.C.P. Articles 1871 and 1872.
Finally, the appellee argues to us that the trial judge was in error by not permitting him to proceed as a class action, giving rise to the possibilities of an award of attorney’s fees, etc. The appellee has not answered the appeal and complained of any portion of the judgment rendered against him, and we do not consider his argument.
For the reasons above stated, the judgment appealed from is affirmed.
AFFIRMED.