Dear Senator Hines:
You have requested an opinion of the Attorney General regarding the expenditure of ad valorem tax revenues generated from a 1.62 mill tax adopted by the residents of Avoyelles Parish ("Parish") for the ten years beginning in 1989. You note that the Parish Health Unit (the "Health Unit") in Bunkie is in a deplorable state of disrepair. You specifically ask whether the tax revenues, in question, may be used for the construction of a new health unit at an alternative site. In the alternative you ask whether these same revenues can be used to lease a new facility.
The tax renewal proposition controlling the expenditure of the subject mileages provides the following:
 "Shall the Parish of Avoyelles, state of Louisiana, levy a one and sixty-two hundredths (1.62) mills tax on all the property subject to taxation within said Parish for a period of ten (10) years beginning with the year 1989 and ending with the year 1998, for the purpose of maintenance and operation of public health units in said Parish?"
In answer to your question, we draw your attention to R.S. 39:704
which provides the following:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
It is well established that the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate. The ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the millage. Further, it is well established by the jurisprudence of this state that special taxes must be strictly construed. Hemler v. Richland Parish School Board, 142 La. 133,76 So. 585 (1917); Watkins v. Ouachita Parish School Board,173 La. 259, 136 So. 591 (1931); Hodnett v. Monroe City School Board,277 So.2d 598 (La.App. 2nd Cir. 1972); and Brock v. St. JamesParish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied.
In Hemler, at pg. 586, the Supreme Court specifically held that:
 "It is [a] familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore, to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
As previously noted, the tax proposition placed before the constituents of the Parish dedicates the tax revenues for "maintenance and operation of public health units in said Parish". We believe that this language is not broad enough to include the construction or lease of a new health facility. In accord is Attorney General Opinion No. 74-984.
Opinion No. 74-984 addressed the issue of whether a two mill special ad valorem tax authorized by the electors of Vernon Parish in 1969 for the "maintenance and operation of the Vernon Parish Health Unit" could be used to provide matching funds for a Hill-Burton Grant to be used for the construction of a new facility. Therein, this office concluded:
 "Construction of an addition to the Health Unit is a separate purpose from the operation and maintenance the Health Unit. Therefore, funds in the operation and maintenance account derived from the 2 mill special tax authorized by the voters cannot be used as matching funds for the Hill-Burton Grant to be used for construction."
While we conclude that the subject tax revenues may not be used for the construction and/or lease of a new health facility, the Parish could request the voters to rededicate the proceeds of the tax so as to include the construction or lease of the new facility. A rededication election would have to be approved by the State Bond Commission as per R.S. 39:1410.61. In accord are Attorney General Opinion Nos. 94-540 and 74-984.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob, III/cla