Dear Mr. Lancaster
Reference is made to your recent request for an opinion of this office regarding the use of ad valorem tax proceeds accumulated and held in the Tensas Parish Health Unit Fund. According to your correspondence, the tax proceeds at issue were generated pursuant to a tax proposition which was approved by the voters in 1986 and collected during the years 1987 through 1996.
The proposition in question specified that the tax would be collected "for a period of TEN YEARS (10), beginning with the year 1987, for the purpose of supporting and maintaining the Tensas Parish Health Unit for the like period". You further advise that in 1996 the voters approved a renewal of the tax which specified that the taxes would be collected "for a period of TEN YEARS beginning with the year 1997, the proceeds of said tax to provide for the purpose of supporting, maintaining and construction, purchase and/or remodeling at the Tensas Parish Health Unit for the like period".
The two specific questions raised in your letter are as follows:
 "1. Can the funds which have accumulated in the Parish Health Unit Fund under the tax proposition approved in 1986 be used for the construction of a new health unit building? Please consider the language in the tax renewal proposition passed in 1996.
 "2. If the answer to No. 1 is negative, for what legal purpose can the funds which accumulated from 1986-1996 be used?"
R.S. 39:704 pertinently provides:
"The proceeds of any special tax shall constitute a trust fund to be used exclusively for the the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931): Hodnett v.Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
We also direct your attention to two prior opinions of this office which are pertinent to your request. In Atty. Gen. Op. No. 96-494, this office determined that a tax proposition that dedicated the revenues generated thereby for the "maintenance and operation of the public health units in said Parish" was not broad enough to include the construction or lease of a new health facility. In Atty. Gen. Op. No. 74-984, the Attorney General determined that an ad valorem tax approved by the electors for the "maintenance and operation of the Vernon Parish Health Unit" could not be used to provide matching funds for a Hill-Burton Grant to be used for the construction of a new facility.
Based upon the foregoing, it is the opinion of this office that the tax revenues which have accumulated in the Tensas Parish Health Unit Fund under the tax proposition approved by the voters in 1986 cannot be utilized for construction of a new health unit building. Those funds were collected pursuant to a proposition which only authorized the funds to be utilized "for the purpose of supporting and maintaining the Tensas Parish Health Unit for the [1987-1996 ten year] period".
Pursuant to your request we have given consideration to the language contained in the tax proposition approved by the voters in 1996. However, our opinion remains the same. Although the proposition approved in 1996 authorizes the funds collected for the period beginning 1997 through 2006 to be utilized for construction, the proposition approved in 1996 does not address the use of the funds accumulated during the 1987-1996 ten year period.
In response to your second question, it is the opinion of this office that the funds accumulated pursuant to the proposition approved in 1986 were only approved to be utilized for the support and maintenance of the Health Unit during the ten year period commencing 1987 and ending in 1996. Since that ten year period is now over, it is our opinion that absent a rededication of those funds by the voters, the funds cannot currently be put to any legal purpose.
Since the funds collected pursuant to the proposition approved in 1986 cannot currently be utilized, the Parish should consider requesting its voters to rededicate the proceeds of the tax approved in 1986 for current and future uses, including construction. At the same time, the Parish may wish to ask the voters to rededicate tax proceeds collected pursuant to the proposition approved in 1996 in order that those tax proceeds could be used at anytime, not just during the ten year period commencing 1997 and ending in 2006.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
RPI/JMZB/cla