Dear Representative McCain:
You have requested an opinion of the Attorney General regarding the use of sales tax revenues being collected pursuant to the passage of a sales tax proposition by the electorate residing within Iberville Parish (Parish). The proposition in question provides, in pertinent part, as follows:
 Shall the Parish of Iberville under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974 be authorized to levy and collect and adopt an ordinance providing for such levy and collection, an additional tax of one-third per cent (1/3%) upon the sale at retail with the proceeds of the Tax to be dedicated to and used by the Parish, to the extent determined by the governing authority, for the purpose of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities in and for the Parish and/or for the purpose of paying the cost of contracting for said solid waste collection and disposal services.
(Emphasis added.)
You state that, several years ago, the Iberville Parish School Board transferred a surplus school building and grounds to the Parish. The Parish Council (Council) made improvements to the facility so that it could be utilized as a Head Start program center. Subsequently, repairs to the roof were required, at which time the Council was informed by Asbestos Consulting Services, Inc., that the building contained asbestos and lead contamination. In view of the contaminants, and the estimated cost of renovation, the Council voted to relocate the Head Start program to another facility. The building remains unoccupied, and the Council will soon make a decision as to whether the building should be demolished or renovated.
In the event the school building is demolished, the Council will be responsible for the disposal of the building materials. You state you have received a cost estimate of $68,000 for the demolition and disposal of all building materials. The cost attributable to the disposal of the asbestos and lead is $5,000, or approximately seven percent of the total.
You specifically ask whether the proceeds of the sales tax revenues described above can be used for the disposal of the asbestos and lead substances. In answer to your question, we refer you to R.S. 39:704 which provides, in pertinent part, the following:
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied.
Under the well established jurisprudence of this state, special taxes are strictly construed. Hemler v. Richland ParishSchool Board, 142 La. 133, 76 So. 585 (1917); Watkins v.Ouachita Parish School Board, 173 La. 259, 136 So. 591 (1931); and Brock v. St. James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981) writ denied.
It has been consistently held by this office and the jurisprudence of this state that the scope of the authority for the expenditure of sales tax revenues is concomitant to the consent of the electorate.
The tax proposition, in question, dedicates the proceeds thereof, in part, to paying the cost for solid waste collection and disposal services. While one could argue that asbestos and lead may not constitute solid waste in a strict and/or technical sense, the cost of the disposal of same is nominal and necessarily incidental to the removal of the other building debris.
Accordingly, it is the opinion of this office that the proceeds of the sales tax revenues authorized in the proposition quoted above, may be used for the purpose of the disposal of the building materials, including the asbestos and lead. In accord is Attorney General Opinion No. 95-222. Bond council for the Parish has been consulted and agrees with this conclusion.
Obviously, regulations applicable to the disposal of the asbestos and lead should be complied with. Also, the expenses related to the disposal of the building materials must be distinguished from the costs associated with the actualdemolition of the building. We do not believe the language in the tax proposition is broad enough to include demolition costs.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj