Dear Mr. Pitman:
Reference is made to your recent request, on behalf of the Mayor and Board of Aldermen of Loreauville, Louisiana, regarding use of the proceeds of a particular one-half (1/2%) percent sales and use tax levied by the Village of Loreauville since 1994. You have advised that in accordance with the proposition approved by the Loreauville electorate, the revenues generated by this sales tax are to be " dedicated and used, in supplement of other sales tax revenues, to operate and maintain the Loreauville police department."
It is our understanding that at the time this sales tax was adopted, Loreauville had an elected police chief and operated its own police department. As of January 1, 2000, however, upon authority of a legislative amendment to the Lawrason Act, future police chiefs of the Village of Loreauville shall no longer be elected, and the position is now appointive. Rather than appointing a police chief, however, effective January 1, 2000, the Village of Loreauville has entered into a contract with the Iberia Parish Sheriff for law enforcement.
Your correspondence indicates that the Village of Loreauville has continued to collect the one-half (1/2%) percent sales tax dedicated to the police department, and until recently, the revenues generated thereby have been used to pay the Iberia Parish Sheriff. However, the Village of Loreauville's auditor has questioned whether the proceeds of a sales and use tax dedicated to the operation of the "Loreauville police department" can be expended on a contract, albeit for law enforcement, with the Iberia Parish Sheriff.
You advise that since receipt of the auditor's report, the sales tax in question has continued to be collected, but the funds are being set aside into a separate account and have not been expended, pending our opinion herein. You further advise that the Village is interested in maintaining its contract with the Sheriff. According to your correspondence, the Village is now receiving equivalent or better police protection from the Sheriff than it had previously, and the cost of contracting with the Sheriff is substantially less than that of maintaining the Village's police department. As such, you have presented this office with the following questions:
 "Can the Village of Loreauville continue to collect this one-half percent sales tax and expend the revenues to pay the Iberia Parish Sheriff to maintain police protection? If not, what options are available to pay the Iberia Parish Sheriff to collect this one-half percent sales tax and provide police protection? Could the Village of Loreauville appoint the Iberia Parish Sheriff as its Police Chief and authorize him to maintain a Loreauville Police Department? Or, could the Village appoint its own police chief and that individual contract directly with the Iberia Parish sheriff for police protection?"
With regard to your first and second questions, we direct your attention to LSA-R.S. 39:704. This provision of law indicates that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of the Parish ofAcadia v. All Taxpayers, et al. (La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v. Richland Parish School Board, 76 So. 585
(La. 1917); Watkins v. Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied.
In Police Jury of the Parish of Acadia v. All Taxpayers, supra, the issue before the court was whether the language in a sales tax proposition which dedicated the proceeds of a tax "for the purpose of paying the costs of constructing acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District" was broad enough to enable the Parish to import out-of parish waste to the Parish landfill. The Court held that, while the tax proposition was silent regarding whether out-of-parish waste could be disposed of at the landfill, it, nevertheless, did not constitute affirmative authority for such activity. In so holding, the Court stated:
 "It is a familiar principal that laws authorizing taxation are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
This office has consistently determined that sales and use tax revenues must be used in accordance with the will of electorate, and therefore said revenues can only be utilized for the purposes set forth in the proposition approved by the electorate. Attorney General Opinion Nos. 99-80, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
The sales tax proposition that is the subject of this opinion is rather narrowly written. The proposition only contemplates use of the revenues generated by the sales tax for the operation and maintenance of a municipal police department by the Village of Loreauville. In our opinion, the proposition does not contemplate or authorize the use of the proceeds for a contract such as that described in your letter. It is therefore our opinion that continued use of the sales tax proceeds in payment of the contract with the Sheriff, without the authorization of the electorate, would violate the legal principles set forth in the above-referenced authorities.
In order to utilize all previously collected and future revenues generated by the levy of this sales tax, and in order to continue collecting this sales tax, we suggest that the Village of Loreauville seek to have its voters rededicate the sales tax to a broader law enforcement purpose that would allow, or specifically authorize, use of the funds for a contract with the Iberia Parish Sheriff, by having a proposition to that effect placed before the voters at a future election. In our opinion, a rededication of the tax proceeds in question would be the most straightforward means of dealing with the Village's law enforcement dilemma.
With regard to the other issues raised in your request, please be advised that in our opinion the Village of Loreauville cannot appoint the Iberia Parish Sheriff as it's Chief of Police, as the concurrent holding of the positions of Sheriff and Police Chief is violative of state laws which prohibit dual officeholding, specifically LSA-R.S. 42:63(D). See also: Attorney General's Opinions Nos. 94-608 and 82-752.
We would also recommend against appointment of a police chief, with the expectation or intention that the individual appointed would then contract with the Sheriff's Department. In our opinion, the Mayor and Board of Aldermen do not have exclusive authority to dictate how funds appropriated to the police department are expended. This office has previously determined that even in the case of appointed, as opposed to elected chiefs of police:
 ". . . [T]he authority to enforce all ordinances and laws includes the grant of certain inherent powers which are necessary for [the chief] to effectively carry out his duties the chief of police by the grant of these inherent powers is given authority to control city police property and assign personnel." Attorney General's Opinion No. 01-327.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you in the future.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
JMZB/dam