Dear Mr. Taylor:
You requested the opinion of this office concerning whether the proceeds of an ad valorem tax millage approved by the voters for the purpose of "acquiring, constructing, improving, maintaining and operating public health units in Washington Parish" could be used for mosquito control spraying to combat the West Nile virus in Washington Parish (the "Parish"), provided the Department of Health and Hospitals concurs.
You advised that some citizens and animals in the Parish have contracted the West Nile virus and there is no mosquito control program in place in the unincorporated areas of the Parish. The health unit has a surplus of approximately $1.5 million. You further advised that the Parish would not be fighting the mosquito as a "pest", but rather as a spreader of disease that is attacking the citizens and animals of the Parish. As you know, the Governor of the State in response to the West Nile virus outbreak has issued a proclamation declaring a State of Emergency to exist in the State.
We direct your attention to LSA-R.S. 39:704, which states that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of the Parish ofAcadia v. All Taxpayers, et al. (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v. Richland Parish School Board, 76 So. 585
(La. 1917); Watkins v. Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied.
Proceeds of special taxes must be used solely for the purpose or purposes set forth in the proposition approved by the voters. In the instant situation, the proposition states that the tax shall be used for the purpose of acquiring, constructing, improving, maintaining and operating public health units. Because the term "public health unit" is not specifically defined, one should look to the powers and duties of such units under the law to determine their meaning. Civil Code article11 provides, "Words of art and technical terms must be given their technical meaning when the law involves a technical matter."
Parish governing bodies are mandated to provide a health unit or department. These units or departments are known as parish health units. LSA-R.S. 40:12. The governing body of each parish shall provide ample means for the maintenance and operation of its parish health units or departments and for the promotion and conservation of public health. LSA-R.S. 40:13. Parish health units may, through the parish governing authority, control and administer all matters of local sanitation not generally affecting other portions of the state. They may pass local health and sanitary ordinances and define and abate nuisances dangerous to the public health of that parish only. They may also regulate drainage and ventilation with reference to human habitation and places of business and public resort . . . All parish health units act under the supervision and advice of the state health officer and the office of health services and environmental quality of the Department of Health and Hospitals. LSA-R.S. 40:14.
The state health officer acting through the office of public health of the Department of Health and Hospitals is charged pursuant to R.S. 40:4
with preparing, promulgating and enforcing rules and regulations embodied within the State's Sanitary Code, and in conformity with a number of guidelines and directives, including, but not limited to:
 (9) In order to protect the public against vectorborne diseases, the state health officer shall prepare and promulgate rules and regulations necessary to insure that disease vectors, including but not limited to mosquitoes . . . are monitored and controlled at levels sufficient to prevent or abate outbreaks of diseases.
The tax proposition at issue here specifically limits the use of the tax proceeds for the acquisition, construction, improving, maintainingand operation of the public health unit. It is the opinion of this office that in a situation where (i) the Governor has declared a State of Emergency; (ii) the Parish would use the funds to fight the spread of disease, as opposed to fighting a pest, and (iii) there is a surplus over the amount needed for the traditional expenses of the public health unit, tax monies dedicated for the operation of the public health unit could be used for mosquito abatement as such is for the "promotion and conservation of public health" and would be the abatement of a nuisance dangerous to the public health. See Op.Atty.Gen. 98-94 regarding the use of public health unit dedicated taxes for the eradication of rabies. Of course, the concurrence of the Department of Health and Hospitals should be obtained prior to the expenditure of these funds.
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: August 27, 2002