Dear Ms. Jones:
You requested the opinion of this office concerning a library tax proposition passed by the West Feliciana Parish (the "Parish") electorate in 1997 for the maintenance, support and operation of a public library system.
As you advised, the Audubon Regional Library System (the "System") is composed of East Feliciana, West Feliciana and St. Helena Parishes. In 1997, West Feliciana Parish passed a one-mill tax to be divided 60-40, as follows:
 ". . . with forty percent (40%) of the tax revenues to be dedicated to the Audubon Regional Library and its branches, jointly with the Parish of St. Helena and the Parish of East Feliciana and sixty percent (60%) of the tax revenues to be dedicated to the West Feliciana Parish branch of the Audubon Regional Library".
You further advised that from 1997 through April, 2002, the 60% proceeds were forwarded by the Parish Police Jury to the System, which then segregated the 60% proceeds from the tax revenues collected from the other parishes. The Police Jury has now advised that, despite this history, it never intended that the 60% be under the control and budgetary oversight of the System.
Your question is: does the 1997 Parish tax proposition require budgetary oversight and approval by the Parish Police Jury and/or by the System, for the expenditure of the 60%?
The 1997 Parish tax proposition authorizes the levy of a one mill tax by the Parish. The Parish, not the System, is the entity which levies the tax. The Parish can only use the proceeds for the purposes set forth in the proposition as the proceeds of a special tax constitutes a trust fund to be used exclusively for the objects and purposes for which the tax was levied. R.S. 39:704. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of the Parish of Acadia v. All Taxpayers, et al. (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v. OuachitaParish School Board, 136 So. 591 (La. 1931); Hodnett v. Monroe CitySchool Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St.James Parish Council, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied.
Accordingly, the 60% is "dedicated to the West Feliciana Parish branch of the Audubon Regional Library", and can only be used by the Parish for this purpose.
As to which entity must budget the funds, the laws pertaining to the establishment of parish or municipal libraries is found in R.S. 25:211, et seq. The governing authority of two or more parishes may join in the establishment of a public library to be supported and maintained by them jointly in the proportions as may be determined by the police juries of the respective parishes. R.S. 25:211. The governing authority of the parish shall, in the ordinance creating a public library, name and appoint, a board of control. R.S. 25:214. The board of control has authority to establish rules and regulations for its own government and that of the library not inconsistent with law. R.S. 25:215.
The Parish resolution of March 1, 1963, whereby the Parish agreed to engage jointly with the Parishes of East Feliciana and St. Helena for the library, authorized the creation of the Board of Commissioners for the System and gave the Board of Commissioners the "authority to establish rules and regulations for its own government and for the administration of this agreement and operation of the Audubon Regional Library and its branches not inconsistent with law or with the provisions of this agreement . . ." The Supplemental Intergovernmental Agreement for the Support and Operation of the Audubon Regional Library and its Branches, dated as of August 13, 1997 (the "Supplemental Agreement"), between the three parishes contemplates that West Feliciana may levy a millage the proceeds of which may be allocated between the System and the support of the library system serving West Feliciana Parish. The Supplemental Agreement further ratifies, confirms and approves the appointment of a Board of Commissioners as the governing authority to promote, maintain, support and operate the Audubon Regional Library.
R.S. 25:217 authorizes the governing authority of a parish to submit to the property taxpayers a proposition to vote a special tax for the maintenance and support of such public library and its branches. The tax, if voted, shall be levied and assessed annually as authorized by the voters and collected and used exclusively for the support and maintenance of the public library. In all cases where a public library is jointly established and maintained, each parish concerned shall contribute its pro rata or equitable share of the costs and expenses. R.S. 25:220
provides:
 "The expenses or costs of maintenance of a public library established under this Part, including the salaries of librarian, assistants, and other employees as well as all other incidental expenses, shall be paid monthly by the governing authority establishing the library, upon the approval of such expenses and maintenance costs by the board of control of such library, out of the funds specially budgeted from the general fund for library purposes and, in default thereof, out of the special taxes voted, levied and collected by the governing authority for the library's support and maintenance. The board of control may delegate to the president or one of its members the duty of approving such monthly expenses and maintenance costs." (Emphasis added)
Based upon the foregoing, it is the opinion of this office that the expenses or costs of maintenance of the Audubon Regional Library System, specifically the branch located in West Feliciana Parish, including the salaries of librarian, assistants, and other employees as well as all other incidental expenses, may be paid monthly by the West Feliciana Police Jury, upon the approval of such expenses and maintenance costs by the System's Board of Commissioners. Such expenditures must be included in the Police Jury's budget.
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH
Date Released: October 24, 2002