Dear Mr. Temple:
You requested the opinion of this office concerning the use of tax proceeds dedicated "for the support and maintenance of the Tensas Parish Library". You advised that the Tensas Parish Police Jury (the "Police Jury") has applied for a grant to renovate the building that houses the Plantation Museum (the "Museum") and the Tensas Parish Library (the "Library"). The renovations include removing sections of the current building and constructing a two-story addition in its place. The Library Board of Control has approved using $10,000 from the Library's general operating fund as a match for the grant. The Library Board of Control has also committed to pay up to $1,500 per year for the Museum's electric bill. The Museum and the Library have separate electric meters. The only connection or relationship between the Museum and the Library is that they are housed in the same building. The only source of revenue to pay the match and the electric bill are from the tax proceeds.
Your questions are: (1) is legal for the $10,000 to be used for the proposed construction? (2) Is it legal to pay for the Library to pay the Museum's electric bill?
This office has long been of the opinion that ad valorem tax proceeds must be used in the manner set forth in the proposition approved by the electorate. Op.Atty.Gen. Nos. 98-369, 98-287, 97-434, 96-494, 88-601 and 74-984. We note that La.R.S. 39:704 pertinently provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied."
Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Hemler v. Richland ParishSchool Board, 76 So. 585 (La. 1917); Watkins v. Ouachita Parish SchoolBoard, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board,277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James ParishCouncil, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied. In Hemler, at pg. 586, the Supreme Court stated:
 "It is a familiar principle that laws authorizing taxation . . . are in derogation of common rights; and therefore are to be strictly construed . . . this is especially true of laws authorizing special taxes."
Therefore, the proceeds of the above described tax can only be used for operating and maintaining the Library. This office has previously opined that the proceeds of a tax levied for the purposes of operating and maintaining a special district could not be used to construct a building for the district. Op.Atty.Gen. Nos. 89-329, 88-601, 97-130.
Accordingly, both of your questions must be answered in the negative. Proceeds dedicated to operate and maintain a library cannot be used for the construction or renovation of a building to house the library nor can those proceeds be used to pay the bills of an entity other than the library.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
Date Released: October 25, 2002