Dear Mayor McGehee,
You requested an Attorney General's opinion regarding the proposed use of a portion of the proceeds of a ¼% sales and use tax that is currently being levied by the City. You advise that the sales tax in question was last renewed at an election held on November 5, 2002, effective for five years from and after February 1, 2003. The 2002 renewal proposition was as follows:
SALES TAX RENEWAL PROPOSITON
 SUMMARY: ¼% SALES TAX RENEWAL FOR THE CITY OF BOGALUSA FOR (I) IMPROVING AND/OR MAINTAINING THE CITY'S INDUSTRIAL PARK, (II) CONSTRUCTING ADDITIONS AND IMPROVEMENTS TO EXISTING BUILDINGS IN THE INDUSTRIAL PARK; AND (III) CONSTRUCTING, ACQUIRING AND IMPROVING ADDITIONAL BUILDINGS THEREIN.
 Shall the City of Bogalusa, State of Louisiana (the City), under the Provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to continue to levy and collect a tax of one fourth of one percent (1/4%) (the "Tax") for an additional period of five (5) years, commencing February 1, 2003, upon the sale at retail, the use, the lease or rental, the consumption, or tangible personal property and on sales of services in the City, all as presently or hereinafter [sic] defined in La. R.S. 47:301 to 47:317, inclusive, with the proceeds of the tax (after paying the reasonable and necessary costs and expenses of collecting and administering the tax), to be dedicated and used for the purposes of (i) improving and/or maintaining the City's industrial park, (ii) constructing additions and improvements to existing buildings in the industrial park; and (iii) constructing, acquiring and improving additional buildings therein?
You indicate the City currently owns and operates an industrial park located north of and just outside the city limits, between La. Hwy. 21 and the Bogalusa Airport. Access to the industrial park is primarily via Hwy. 21 and City Limits Rd. Although secondary access is possible via Austin St., that is a residential area and is signed as a "No Truck Route". Therefore, City Limits Rd. is used by the majority of the traffic, and all truck traffic, which arrives at the industrial park.
City Limits Rd., the primary access road to the industrial park, is in serious need of repair due to damage caused over the years by heavy vehicles accessing the industrial park. The City wishes to use a portion of the proceeds from the ¼% sales tax to repair and reconstruct City Limits Rd. between Hwy. 21 and the industrial park. You question whether, based upon the foregoing facts and circumstances, such use would constitute "improving and/or maintaining the City's industrial park" within the meaning of the sales tax proposition.
LSA-R.S. 39:704 indicates that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of theParish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnettv. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied.
LSA-R.S. 33:2714 provides:
 The ordinance imposing said tax and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes.
Also, LSA-R.S. 33:2723 provides in pertinent part:
 . . . Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof.
Pursuant to the above referenced provisions of law, this office has consistently opined that the use of the proceeds of a sales and use tax adopted at an election in the State of Louisiana must be used in accordance with the will of the electorate, as set forth in the proposition approved by the voters. R.S. 39:704; R.S. 33:2714; R.S. 33:2723. In accord: Attorney General's Opinion Nos. 04-0267, 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
The language of the renewal proposition as quoted above clearly limits use of the tax proceeds which are the subject of your request to "improving and/or maintaining the City's industrial park". In our opinion, the use of tax proceeds to repair roads leading to the industrial park does not constitute "improving and/or maintaining the City's industrial park". The renewal proposition does not contemplate any use of the tax proceeds outside of the industrial park. While City Limits Rd. is the primary access road to the industrial park, this road is not located within, nor is this road part of, the industrial park. Therefore, it is the opinion of our office that the tax proceeds dedicated in accordance with the above-quoted proposition may not be used to repair and reconstruct City Limits Rd. between Hwy. 21 and the industrial park.
Please be advised, however, that the City could ask its voters to rededicate the tax proceeds for the purpose of repairing and reconstructing City Limits Rd at a future election. Please note that a rededication election would have to be approved by the State Bond Commission in accordance with La. R.S.39:1410.61. In accord is Attorney General Opinion No. 00-20.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ___________________________________ KENNETH L. ROCHE, III Assistant Attorney General