Dear Mayor Mayo:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You question whether the City of Monroe's use of sales and use tax proceeds to pay for the increased cost of health insurance benefits for fire and police employees, rather than have the employees pay those costs via payroll deduction, is in accordance with the following tax proposition, which was presented to and approved by the voters of the City of Monroe in 2004:
 CITY OF MONROE (POLICE AND FIRE SALES TAX PROPOSITION) SUMMARY: .49% SALES AND USE TAX DESIGNATED FOR SALARY INCREASES AND ANY ADDITIONAL BENEFITS FOR THE MONROE FIRE DEPARTMENT AND MONROE POLICE DEPARTMENT PERSONNEL.
 Shall the City of Monroe, State of Louisiana (the "City"), under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority, be authorized to levy and collect a tax of forty nine hundredths of one percent (.49%) (the "Tax"), upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on the sales of service in the City, with the proceeds of the Tax (after paying reasonable and necessary costs and expenses of the election and of the collection and administering the Tax) to be divided equally between the Monroe Fire Department and the Monroe Police Department and to be used for the purpose of salary increases and any additional benefits for the Monroe Fire Department and Monroe Police Department personnel?
The tax levied under this proposition is dedicated "for the purpose of salary increases and any additional benefits for the Monroe Fire Department and Monroe Police *Page 2 
Department personnel." La.R.S. 39:704 indicates that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of the Parish of Acadia v. AllTaxpayers, et al., 95-145 (La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v. Richland Parish School Board, 76 So. 585
(La. 1917); Watkins v. Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock v. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied.
This office has consistently opined that the use of the proceeds of a sales and use tax adopted at an election in the State of Louisiana must be used in accordance with the will of the electorate, as set forth in the proposition approved by the voters. La.R.S. 39:704; La.R.S. 33:2714; La.R.S. 33:2723. In accord: Atty. Gen. Op. Nos. 04-0267, 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
You indicated that the fire and police department unions have taken the position that the tax proceeds may only be used to provide benefits not being provided at the time of the election. Since the city offered a health plan at the time of the election, they feel the proceeds cannot be used for this program.
Nevertheless, we believe that the increased cost of health insurance qualifies as an "additional benefit" under the proposition. If these increased costs were passed on to the fire and police department employees, as a whole, it would decrease the net amount of their paychecks.
We also note that the prohibition on donations of public funds under Art. VII, Sec. 14 of the Louisiana Constitution does not apply to the contribution of public funds to insurance programs for the benefit of public employees. Additionally, La.R.S. 33:5151 (A) provides that any municipality may make contracts of insurance with any insurance company legally authorized to do business in this state for the purpose of insuring their employees under policies of group insurance covering hospitalization, and may agree to match the payments of the employees for the premiums. It is further provided in La. 33:5151(B) that the section shall not be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees.
This office has also recognized that under this provision the political subdivision may pay up to 100% of the insurance premium for its employees. Atty. Gen. Op. Nos. 92-547, and 88-480. Therefore, the City of Monroe's use of sales and use tax proceeds to pay for the increased cost of health insurance benefits for fire and police employees, rather than have the employees pay those costs via payroll deduction, is in accordance with the proposition presented to and approved by the voters in 2004. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 BENJAMIN A. HUXEN II
 Assistant Attorney General
 JDC/BAHII:crt