Dear Mr. Mays:
Your request for an Attorney General's Opinion on behalf of the Lincoln Parish Police Jury, which pertains to the use of sales and use tax proceeds, has been assigned to me for research and reply. You have indicated the following tax proposition was presented to and approved by the voters of Lincoln Parish in 1974:
 PROPOSITION Shall the Parish of the Lincoln, State of Louisiana (under the authority of Act No. 280 of the Regular Session on the Louisiana Legislature for the year 1974), be authorized to levy and collect within said Parish a tax of one-half of one per cent (1/2%) upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or consumption of tangible personal property and upon the sale of services, as presently defined in R.S. 47:301 to 47:304, inclusive, with the net avails or proceeds of said tax (after costs of collection) to be used first for the purpose of acquiring, operating and maintaining parishwide solid waste disposal facilities and necessary equipment in connection therewith, with the remainder of the said avails or proceeds to be allocated and divided between the Lincoln Parish Police Jury and the incorporated municipalities in the Parish according to a formula based upon the ratio that the population of each municipality of entity (with the population of the unincorporated portion of the Parish representing the entity on which allocation the Police Jury's portion shall be calculated) bears to the total population of the Parish as shown by the ten most recent Federal decennial census and shall the aforesaid recipients of such tax dedicate and use the avails or proceeds of their respective allocations of the said tax for the purpose of providing funds for acquiring, operating and maintaining solid waste collection facilities, including equipment, furnishings, and other property in connection therewith? *Page 2 
In your request, you first asked whether the Police Jury has the authority to retain a portion of the tax proceeds in its Solid Waste Equipment Reserve Account (1) for the future purchase of equipment and improvements related to solid waste disposal facilities and (2) in order to meet Louisiana Department of Environmental Quality (LDEQ) financial assurance requirements. You indicated that the Policy Jury has maintained a balance in its Solid Waste Equipment Reserve Account for those purposes since approximately 1974.
La.R.S. 39:704 indicates that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, Louisiana jurisprudence provides that special tax authorizations must be strictly construed. Police Jury of the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemlerv. Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. MonroeCity School Board, 270 So.2d 598 (La.App. 2 Cir. 1972) and Brock v. St.James Parish Council, 407 So.2d 1265 (La.App. 4 Cir. 1981), writ denied.
Additionally, under La.R.S. 39:704, La.R.S. 33:2714 and La.R.S.33:2723, the proceeds of a sales and use tax adopted at an election in the State of Louisiana must be used in accordance with the will of the electorate, as set forth in the proposition approved by the voters. In accord are Atty. Gen. Op. Nos. 04-0267, 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
In this instance, the proposition requires that the sales and use tax proceeds are to be used "first for the purpose of acquiring, operating and maintaining parishwide solid waste disposal facilities and necessary equipment in connection therewith." Any remaining amount is to be allocated and divided, using a formula specified in the proposition, among Lincoln Parish and its incorporated municipalities "for the purpose of providing funds for acquiring, operating and maintaining solid waste collection facilities, including equipment, furnishings, and other property in connection therewith." By retaining a portion of the tax proceeds in its Solid Waste Equipment Reserve Account, the Police Jury decreases the amount that could potentially be distributed to the Parish's incorporated municipalities.
We first address the issue of whether the Police Jury has the authority retain a portion of the tax proceeds in the Solid Waste Equipment Reserve Account for future equipment purchases and improvements related to parishwide solid waste disposal facilities. In Atty. Gen. Op. No. 06-0204A, this office addressed a similar issue involving the use of sales and use tax proceeds that were dedicated "to pay the cost of maintaining and operating a Parishwide mosquito control program, including the cost of acquiring land, buildings and equipment necessary therefore," with the remainder to be divided annually between the Parish and its incorporated municipalities to be used for a certain purpose. The Iberia Parish Mosquito Control Board wanted to retain an amount that it had budgeted annually in order to provide for future capital expenditures. We stated that: *Page 3 
 We must interpret the proposition as to give it effect and purpose. State v. Union Tank Car Company, 439 So.2d 377, 382 (La. 1983). In order to give effect to the entire proposition, the Board must be allowed to carry over funds budgeted for acquiring land, buildings and equipment. Therefore, it is our opinion that capital budget accounts do not have to be zeroed out at the end of the fiscal year, and funds budgeted for capital acquisitions do not have to be turned over to the Parish and municipalities.
Considering the forgoing statutes, jurisprudential standards, and previous opinion of our office, we believe the Lincoln Parish Police Jury has the authority to retain the portion of the tax proceeds that it budgeted for future purchases of equipment and improvements related to parishwide solid waste disposal facilities.
We now to turn to the issue of whether the Police Jury has the authority retain a portion of the tax proceeds in the Solid Waste Equipment Reserve Account in order to meet LDEQ financial assurance requirements associated with the operation of a landfill that was closed in 1993. You have indicated that, under regulations adopted pursuant to La.R.S. 30:2192(A), an operator of a hazardous waste treatment, storage, and disposal facility is required to provide "a surety bond in favor of the state, a certificate of public liability insurance, payments into the Environmental Trust Fund, other financial assurance, or any combination thereof, sufficient to assure financial responsibility for damages resulting from accidents or negligence, when corrective action is required or as specified in the permit, and to assure closure and post-closure care, said assurance to be consistent with the degree and duration of risks associated with the treatment, storage, or disposal of the type of hazardous waste handled." LDEQ has informed the Parish that it must provide this assurance for at least sixteen more years.
Under the proposition, one of the permitted uses of the tax proceeds is for operating parishwide solid waste disposal facilities. In Black's Law Dictionary (8th ed. 2004), the term "operating expense" is defined as "an expense incurred in running a business and producing output." Maintaining an amount to meet the requirement set forth in La.R.S. 30:2192(A) and regulations associated therewith appears to be an expense of operating parishwide solid waste facilities, specifically a landfill, and thus appears to be in accordance with the sales and use tax proposition. Nevertheless, the Police Jury may want to look into the other available options set forth in that statute in order to determine which is the most fiscally sound.
You also asked whether it would be permissible for the Police Jury to transfer an amount sufficient to meet the LDEQ financial assurance requirement set forth in La.R.S. 30:2192(A) from the Solid Waste Equipment Reserve Account to an account specifically designated for that purpose. We note that our research did not reveal any provision of the law that would prohibit such a transfer, insofar as the use of the tax proceeds are consistent with the purpose stated in the tax proposition as explained above.
Next, you asked (1) whether the voters of Lincoln Parish could be asked to rededicate the tax proceeds accumulated in the Solid Waste Disposal Accounts in order to use *Page 4 
same for the purpose of courthouse improvements construction and (2) whether, if any portion of the tax proceeds is distributed to Lincoln Parish's incorporated municipalities, those municipalities would be permitted to place same into their general fund.
As indicated previously, the tax in question is a parishwide tax where the proposition, in part, requires the proceeds to be divided by the governing authority of the parish between the parish and the parish's incorporated municipalities. Such an arrangement is authorized by La.R.S. 33:2723, which provides, in pertinent part, that the provisions of the proposition shall control the allocation and expenditure of the tax proceeds.
Again, we believe that the Lincoln Parish Police Jury has the authority to retain the portion of the tax proceeds that it budgeted for future purchases of equipment and improvements related to parishwide solid waste disposal facilities.
Conversely, if the Police Jury determines that the funds would be better suited for courthouse improvements construction, then it would also seem that that portion of the proceeds is not needed "for the purpose of acquiring, operating and maintaining parishwide solid waste disposal facilities and necessary equipment in connection therewith." In order to give all of the terms of the proposition effect and purpose, we believe that any portion of the tax proceeds not needed for those purposes must be allocated and divided among Lincoln Parish and its incorporated municipalities using the formula referenced in the proposition, based upon the most recent decennial Federal census at the time of the proposed distribution.
Because the tax proposition requires that the distributed funds be used by the municipalities specifically "for the purpose of providing funds for acquiring, operating and maintaining solid waste collection facilities, including equipment, furnishings, and other property in connection therewith," the municipalities would be required to maintain a separate account or accounts dedicated for those purposes. The general fund is only used to account for all of the assets and resources that finance general operations. Atty. Gen. Op. Nos. 79-1162, 80-978, and 03-0300. Thus, the municipalities would not be permitted to place any portion of the tax proceeds into their general fund.
Finally, we note that any portion of the tax proceeds could then be rededicated by voters for another purpose in accordance with the applicable laws on rededication of tax proceeds; however, a rededication election would have to be first approved by the State Bond Commission in accordance with La.R.S. 39:1410.61. *Page 5 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 BENJAMIN A. HUXEN II
 Assistant Attorney General
 JDC/BAH ll:crt