Dear Mr. Honeycutt:
Your request on behalf of the Livingston Parish Council (hereinafter "Parish Council") for an Attorney General's Opinion regarding the use of certain sales and use tax proceeds has been assigned to me for research and reply.
You indicated that, on January 21, 2006, the voters of Livingston Parish approved a one percent sales and use tax, three-fourths of which are dedicated, according to the proposition, "to construct, acquire, extend, expand, improve, maintain, and operate roads, bridges, and related road drainage throughout the Parish." You ask whether it would be proper for the Parish Council to use the tax proceeds to pay for the paving of public parking lots.
Under La.R.S. 39:704, the proceeds of a special tax constitute a trust fund that is to be used exclusively for the objects and purposes for which the tax was levied. Similarly, under La.R.S. 39:704 and La.R.S.33:2714, the proceeds of a sales and use tax adopted at an election in the State of Louisiana must be used in accordance with the will of the electorate, as set forth in the proposition approved by the voters.[1]
Moreover, Louisiana jurisprudence provides that special tax authorizations must be strictly construed.[2] In addition, both the opinions of this office and Louisiana jurisprudence have consistently held that the scope of the authority for the expenditure of sales tax revenues coincides with the consent of the electorate. Accordingly, the *Page 2 
ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the tax.[3]
Again, in the current instance, the tax proposition requires that the proceeds are to be used "to construct, acquire, extend, expand, improve, maintain, and operate roads, bridges, and related road drainage throughout the Parish." Clearly, a parking lot is not a bridge or road drainage. This brings us to the question of whether a parking lot is a road.
According to the Random House Unabridged Dictionary, a parking lot is "an area, usually divided into individual spaces, intended for parking motor vehicle."[4] Conversely, a road is "a long narrow stretch with a smoothed or paved surface, made for travelling by motor vehicle, carriage, etc., between two or more points; street or highway."[5]
Thus, a public area used solely as a parking lot with no integral connexity to a public road is not in any ordinary sense considered a road.
Considering the foregoing, it is the opinion of this office that it is not permissible for the Parish Council to use tax proceeds dedicated "to construct, acquire, extend, expand, improve, maintain, and operate roads, bridges, and related road drainage throughout the Parish" in order to pay for the paving of public property used solely as a parking lot and which has no integral connexity to a public road, bridge or related road drainage. While we acknowledge that it is possible that circumstances might exist such that the paving of a public area used for parking would fall under the purview of the tax proposition, such a determination would be fact-sensitive and, as such, would fall beyond the scope of this office.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAH II
[1] In accord are Atty. Gen. Op. Nos. 04-0267, 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
[2] Police Jury of the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemlerv. Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnett v. MonroeCity School Board, 270 So.2d 598 (La.App. 2 Cir. 1972); Brock v. St.James Parish Council, 407 So.2d 1265 (La.App. 4 Cir. 1981), writ denied.
[3] Police Jury of the Parish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3 Cir. 3/29/95), 653 So.2d 94, rehearing denied;Hodnett, et al. v. Monroe City School Board, et al., 270 So.2d 598
(La.App. 2 Cir. 1972); Watkins v. Ouachita Parish School Board,173 La. 259, 136 So. 591 (La. 1931); Atty. Gen. Op. Nos. 94-540, 94-346, 93-424, 93-47 and 92-50.
[4] Dictionary.com, Dictionary.com Unabridged (v 1.1), Random House., Inc. http://dictionary.reference.com/browse/parking lot (last visited: April 09, 2008)
[5] Dictionary.com, Dictionary.com Unabridged (v 1.1), Random House., Inc. http://dictionary.reference.com/browse/road (last visited: April 09, 2008)