BOUTALL, Judge.
Within sixty days of an election submitting to the voters of St. James Parish a proposition permitting the Parish to impose a sales tax of 1% and authorize issuance of bonds, Henry J. Brock, a registered voter and tax payer brought this election contest. Brock’s suit is based upon two major grounds: First, it is alleged that there was improper publication of the election notice and that the notice was published in a paper unqualified to serve as the official journal of the parish; second, the validity of the tax itself is questioned because it will not be uniformly collected throughout the parish. The trial court dismissed his suit and Brock appeals.
The first issue is the validity of that portion of the judgment maintaining an exception of no cause of action.
The defendants filed exceptions of no cause of action based upon the provisions of LSA-R.S. 18:1401(C) which authorizes a person in interest to bring an action contesting any election in which any proposition is submitted to the voters “if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different.” Brock in his petition alleges only that “Had the ordinance properly been advertised in the paper that should have been the official journal, more people would have been put on notice and the result of the election could have been different. It is impossible to determine the effect the use of the proper official journal would have had.”
The trial judge concluded that that allegation was insufficient to fulfill the requirements of § 1401(C) and dismissed that portion of the suit. We agree with the reasons that he detailed and adopt them as our own.
*747 Additionally, it should be noted that the trial judge permitted evidence to be introduced on this issue in order that a complete record might be had. We have examined that evidence, and we find that the plaintiff has not proven facts which would support his contention. During the pertinent time, the St. James Council had appointed a newspaper to be an official journal, and the validity of that appointment has never been adjudicated upon. Accordingly, that newspaper is the parish journal at the time in question. We do not think it appropriate to inquire into the qualifications of that newspaper and the validity of its appointment in the context of this suit. However, even conceding for the sake of argument that the newspaper was not qualified as an official journal, nevertheless the facts show it to be a newspaper of general circulation in the parish and fulfilling the qualifications imposed by LSA-R.S. 18:1285. Lastly, we point out that there is no evidence adduced which showed that any more or less voters would have voted or that they would have voted differently. Accordingly, we conclude that plaintiff’s attack on the election process lacks merit.
The second basic issue raised is the validity of the imposition of the sales tax itself.
The factual background is this. Within the geographical area of St. James Parish there had been three sales taxes imposed. In two separate elections the St. James Parish School Board imposed a sales tax of 1% in each election making a total of 2%. Another 1% sales tax had been imposed in the municipal limits of the municipalities of Luteher and Gramercy under the provisions of LSA-R.S. 33:2737.9, which created the “Lutcher-Gramercy General Improvement District” and authorized the district to levy and collect a sales and use tax not to exceed 2%. Thus there is already in existence a total 3% sales tax in the geographical limits of Luteher and Gramercy but 2% in the rest of the parish. It is contended that the 1% sales tax sought to be imposed in this election will be in violation of the Louisiana Constitution of 1974, Article 6, § 29 which imposes a limitation of 3% on sales taxes collected within any local governmental subdivision. Thus the tax would be unevenly applied because it would be imposed upon sales made outside of those municipalities but not imposed upon sales made inside those municipalities.
It has been argued that the parish intends to impose the tax only in those sections outside of the municipalities. If this plan was contained within the confines of the proposition submitted to the voters, we would agree basically with the detailed reasons for judgment given by the trial judge, in his disposition of this contention. However, we see the matter as presenting a different resolution.[1] The proposition put before the people is as follows:
“PROPOSITION
Shall the Parish Council of the Parish of St. James, State of Louisiana (the “Council”), under the provisions of Article VI, Section 29(A) of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority supplemental thereto, be authorized to levy and collect, and adopt an ordinance providing for such levy and collection, a tax of one per cent (1%) (the “Tax”) upon the sale at retail, the use, the lease or rental, the consumption, the storage for use or consumption, of tangible personal property and on sales of services in the Parish of St. James (the “Parish”), to the extent permitted by law, all as presently defined in R.S. 47:301 through 47:317 with [1] twenty-five per cent (25%) of the proceeds of the Tax (after paying reasonable and necessary costs and expenses of collecting and administering the Tax) to be used for the purpose of providing care and assistance to the elderly persons of the Parish and providing health service to the residents of the Parish, including the acquisition, operation and maintenance of *748 vehicles necessary in connection therewith; [2] twenty-five per cent (25%) of the Tax to be used to provide solid waste management and disposal, including the acquisition of land, plants, buildings, machinery and equipment necessary in connection therewith; [3] twenty-five per cent (25%) of the Tax to be used to pay the cost of providing recreational facilities including the acquisition of land, buildings, machinery and equipment necessary in connection therewith; and [4] twenty-five per cent (25%) of the Tax to be used for the payment of the general operation and maintenance expenses of the Parish and/or for the acquisition of capital improvements for the Parish; and shall the Council be authorized to fund the proceeds of the Tax into bonds from time to time for the purpose of making capital improvements for the purposes listed above for the Parish to the extent and in the manner permitted by the laws of Louisiana, including, but not limited to, Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950?”
It will be noted that the Council seeks the authority to impose the tax both under the provisions of the Constitution, Article 6, § 29 and the statutory law, “to the extent permitted by law”. We refer to LSA-R.S. 33:2721 which specifically authorizes St. James Parish to levy and collect within the parish a sales tax not exceeding 1%. Thus the real problem presented is whether the imposition of the 1% tax by the Lutcher-Gramercy General Improvement District prevents St. James Parish from enacting its 1% sales tax. We hold that it does not. We reiterate that this is not a contest involving a municipal tax and a parish tax, but one involving a district tax and a parish tax.
The authority for St. James Parish to impose a sales tax is found statutorily in LSA-R.S. 33:2721, and constitutionally in Article 6, § 29. The authority for the district to impose a tax is found statutorily in LSA-R.S. 33:2737.9 and constitutionally Article 6, § 30 relating to political subdivisions. When we compare the authorization statute of the parish as opposed to the district, there is nothing in either statute that would preclude the other from issuing a tax. Thus the issue revolves about the interpretation of Article 6, § 29 which imposes a limitation of 3% on local governmental subdivisions and school boards. We conclude that § 29 does not apply to districts but only to parishes, municipalities and school boards. The article only authorizes the governing authority of “any local governmental subdivision or school board” to levy and collect the tax. Similarly the 3% limitation is applicable to those taxes “levied and collected within any local governmental subdivision”. Article 6, § 44 provides specific definitions for the terms used in Article 6, and subsection (1) provides that local governmental subdivision means any parish or municipality. On the other hand subsection (2) provides that a “political subdivision” means a parish, municipality, and any other unit of local government, including a school board and a special district. Hence we do not see that the district is authorized to issue any taxes under § 29. Instead its constitutional authority can only come from Article 6, § 30 relating to political subdivisions. That section provides that a political subdivision may exercise the power of taxation subject to limitations elsewhere provided in the constitution, under authority granted by the Legislature for parish, municipal and other local purposes, strictly public in their nature. However, the section concludes that it shall not affect similar grants to political subdivisions under self-operative sections of this constitution. Clearly, Article 6, § 29 is a self-operative section authorizing a parish sales tax. Thus the district tax cannot affect it.
We point out that an alternative argument might be considered, that is, that the enactment of LSA-R.S. 33:2721 provides an additional authority granted by the Legislature to St. James Parish to impose a sales tax either under Article 6, § 29(B), or under the proposition that the additional statutory grant is inapplicable to the sales tax levied under Article 6, § 29. See for example *749 Duplantis v. Terrebonne Parish School Board, 328 So.2d 374 (La., 1976) refusing writs from a trial court decision, holding LSA-R.S. 33:2737 is inapplicable.
Accordingly, we conclude that the proposition presented to the voters imposing a 1% sales tax within the parish of St. James is legal, and that the tax applies to the entire parish. For these reasons, it becomes unnecessary to consider the constitutional issues considered by the trial court and argued before us on appeal relative to unequal imposition of the tax and unequal distribution thereof.
There remains only two other issues. The first is the appellant’s insistence that he is entitled to proceed in a class action. We agree with the conclusions of the trial judge and state that an election contest suit is not an appropriate subject for a class action, and that LSA-R.S. 18:1281, 1294, and 1401(C) so demonstrate. Appellee has filed exceptions of no cause or right of action in this court complaining of the procedure used, and we simply state that the uniform election code for bond, debt and tax elections and especially the articles specified provide the procedure to be used in this type of case.
Accordingly, for the reasons assigned the judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.

GULOTTA, J., concurs.

. Redmann and Schott, J.J. note reservations about the trial judge’s discussion of constitutionality but otherwise join in this opinion and therefore withdraw their dissent from the decree handed down within 24 hours of hearing.