SCHOTT, Chief Judge.
The Secretary of the Department of Revenue and Taxation for the State of Louisiana has appealed from a judgment recognizing W.C. Percy, Jr. and Christine Percy Howard, who are a nephew and a niece by affinity of the decedent, as entitled to the favorable inheritance tax treatment afforded collateral relatives. Appellees were the blood relatives of decedent’s husband who predeceased her.
LSA R.S. 47:2402 provides for the following exemption from inheritance tax:
“(2) Inheritances, legacies and donations and gifts made in contemplation of death to a collateral relation of decedent (including brothers or sisters by affinity) to the amount or value of one thousand dollars.”
R.S. 47:2403 imposes tax rates in this way:
“B. The tax upon every inheritance, legacy, donation, or gift made in contemplation of death, to a collateral relation, including brothers or sisters by affinity, shall be computed as follows:”
In contrast these statutes contain the following provisions with respect to descendants:
R.S. 47:2402 setting exemptions for:
“(1) Inheritance, legacies, and donations and gifts made in contemplation of death, to a direct descendant by blood or affinity, or ascendant, or surviving spouses of a decedent, as follows:”
R.S. 47:2403 imposes the special and most favored rate as follows:
*492 A. The tax upon every inheritance, legacy, donation, or gift made in contemplation of death, to or in favor of a direct descendant by blood or affinity.”
From this statutory language it seems quite clear that appellees, as nephew and niece of the decedent by marriage of their blood uncle to her, are not entitled to the favored treatment accorded collaterals. Standing alone those provisions regarding collaterals place only brothers and sisters by affinity within the favored class. When read alongside of the provisions regarding descendants the meaning of collaterals, including brothers or sisters by affinity, is crystal clear. All descendants, whether by blood or affinity, are accorded the top exemption and the lowest rates. But with respect to collaterals, all those by blood and only brothers and sisters by affinity, not nephews, nieces, uncles, aunts and cousins by affinity, are included.
However, the Department has not taken this position at all. It concedes that all collaterals by affinity are entitled to the favored treatment accorded to collaterals but it contends that once the marriage that created the relationship by affinity was ended, the relationship itself ended. In other words, the Department concedes that had appellees’ blood uncle survived their aunt-in-law or aunt by affinity they would be entitled to the special treatment extended to collaterals, but since he died first their relationship to his wife was broken or terminated and they became strangers as to her for inheritance tax purposes.
The trial court held that the result it reached was mandated by this court’s decision in Succession of Zaring, 527 So.2d 417 (La.App. 4th Cir.1988). In that case the question was whether a stepchild of the decedent was entitled to the favored treatment given descendants for inheritance tax purposes where the wife of the decedent and natural mother of the stepchild had predeceased the decedent. The Department contended that once the marriage which made the taxpayer a stepchild of the decedent ended, the stepchild was no longer a descendant by affinity. The court held that a stepchild remains a stepchild for inheritance tax purposes after the dissolution of the marriage between the child’s natural parent and his stepparent.
Similarly, considering that the Department concedes that a nephew or niece by affinity is entitled to the special benefits accorded collaterals by R.S. 47:2402 and 2403 as long as the marriage which made them endures, we hold such a collateral by affinity remains a collateral for inheritance tax purposes after the dissolution of the marriage which created the collateral relationship by affinity.
AFFIRMED.