CRAIN, Judge.
H. Newton Smith, Jane Pharr Gage and Katherine Gage (Legatees) are residuary legatees and Jane Pharr Gage and Katherine Gage are additionally particular legatees of the last will and testament of decedent, Augusta Sherard Smith. H. Newton Smith and Jane Pharr Gage were also appointed testamentary co-executors. The Louisiana Department of Revenue and Taxation (Department) claimed that additional inheritance taxes were due because the Legatees were not entitled to the tax exemption and favorable tax rate applicable to collaterals pursuant to La.R.S. 47:2402(2) and 2403(B) but instead they should be taxed as strangers to the succession.
The Legatees filed a “Rule to Obtain Judgment of Possession Without Payment of Additional Inheritance Taxes.” Additionally, H. Newton Smith, Katherine Gage and Jane Pharr Gage as legatees and Jane Pharr Gage and H. Newton Smith in their capacity as co-executors, filed a petition for Partial Judgment of Possession. A partial judgment of possession was rendered in favor of the Legatees. On the rule to fix the inheritance taxes, judgment was rendered in favor of the Legatees on the basis that the Legatees were collaterals within the meaning of La.R.S. 47:2402(2) and 2403(B) and were entitled to the exemption and favorable tax rates prescribed for col-laterals therein, thus no additional inheritance taxes were due. Additionally, the co-executors were ordered to obtain a certificate of deposit in the minimum amount of $26,500 (the tax claimed due by the Department) and registered in the name of the succession.
From these judgments the Department appeals alleging as error: the court’s determination that the Legatees were entitled to the tax exemption pursuant to La.R.S. 47:2402(2) and the tax rate provided by La.R.S. 47:2403(B); and that the judgment of possession was premature and invalid.
COLLATERALS BY AFFINITY UNDER LA.R.S. 47:2402(2) AND 47:2403(B)
H. Newton Smith, Jane Pharr Gage and Katherine Gage are the nephew, niece and great niece, respectively, of the testator’s predeceased husband. In the first and second assignments of error the Department contends that the Legatees are not exempt from the state inheritance tax pursuant to La.R.S. 47:2402(2) nor were they entitled to the favorable tax rate provided to collateral relations pursuant to La.R.S. 47:2403(B). It is uncontested that inheritance taxes were paid subject to the exemption and tax rate prescribed in La.R.S. 47:2402(2) and 2403(B). The Department seeks the difference between that applicable to collaterals and that applicable to strangers, plus interest.
La.R.S. 47:2402(2) provides tax exempt status for state inheritance taxes for “Inheritances, legacies and donations and gifts made in contemplation of death to a collateral relation of decedent, (including brothers or sisters by affinity) to the amount or value of one thousand dollars.”
La.R.S. 47:2403(B) provides in pertinent part:
The tax upon every inheritance, legacy, donation, or gift made in contemplation of death, to a collateral relation, including brothers or sisters by affinity, shall be computed as follows:
No tax shall be collected or be due on the first one thousand dollars; the tax shall be five percent of the fair market value thereof at the time of death on the next twenty thousand dollars, and seven percent of such fair market value on any amount in excess of twenty-one thousand dollars.
*18 The Department contends that the favored tax treatment pursuant to La.R.S. 47:2402(2) and 2403(B) to collaterals by affinity is limited exclusively to brothers and sisters by affinity. If the reference to brothers and sisters by affinity is illustrative then the niece, great-niece, and nephew by affinity are among the favored class. Affinity is the relationship existing between a person and the relatives of his or her spouse. Succession of Zaring, 527 So.2d 417 (La.App. 4th Cir.1988).
La.R.S. 47:2402 and 2403 provide exemptions from taxation. Such exemptions must be expressly and clearly conferred in plain terms and strictly construed against the taxpayer. McNamara v. Central Marine Service Inc., 507 So.2d 207 (La.1987). When statutory language is susceptible of different meanings it must be interpreted in the manner which “best conforms to the purpose of the law.” La.C.C. art. 10. “Strict construction does not require a biased construction in favor of one party or the other, but a fair construction in light of the cause which induced the Legislature to enact the statute under interpretation.” Succession of Garnett v. State Department of Revenue and Taxation, 519 So.2d 373, 378 (La.App. 2d Cir.), writ denied, 521 So.2d 1156 (La.1988) (emphasis in original).
The legislative purpose in enacting La. R.S. 47:2402 and 2403 was to give graduated preferential tax treatment to the named classes of persons in contradistinction to those classified as strangers. Succession of Zaring, 527 So.2d at 419. The source of La.R.S. 47:2402 and 2403 is La. Acts 1921, Ex.Sess., No. 127, Secs. 1 and 2 which was incorporated in the Revised Statutes of 1950 by La.R.S. 1:16. The statutes at issue were subsequently amended. However, the statutory definition of the category of persons favored under La.R.S. 47:2402(2) and 2403(B), i.e. collateral relations, including brothers and sisters by affinity, has never been statutorily altered.
The legislature expressly included all direct descendants by blood or affinity, ascendants and the surviving spouse of a decedent among the favored class pursuant to La.R.S. 47:2402(1) and 2403(B). The legislature did not expressly include collat-erals by affinity other than brothers and sisters nor did it expressly include descendants of brothers and sisters by affinity in the class of collaterals favored in La.R.S. 47:2402(2) and 2403(B). Had the legislature chosen to include collaterals by affinity in addition to brothers and sisters by affinity it would have expressly so stated therein. Accordingly, we hold that affinal nieces, great nieces and nephews are not within the category of collaterals entitled to the tax exempt status and favored tax rate pursuant to La.R.S. 47:2402(2) and 2403(B). They are to be taxed as strangers to decedent’s estate.
This holding is in apparent contradiction to Succession of Percy, 555 So.2d 491 (La. App. 4th Cir.1989). A closer reading reveals that in Percy, the Fourth Circuit found that La.R.S. 47:2402(2) and 2403(B) clearly and unambiguously limited collat-erals by affinity to affinal brothers and sisters. However, in Percy, the Department took the position that nieces and nephews by affinity were within the favored class but that the favored status ended upon dissolution of the marriage which created the affinal relationship and the court limited itself to the Department’s contention. Because of the Department’s position, the Court was constrained to hold that for inheritance tax purposes the collateral relationship remained intact after the dissolution of the marriage which created the collateral relationship.
JUDGMENT OF POSSESSION
In the third assignment of error the Department contends that the trial court erred in granting the partial judgment of possession to Jane Pharr Gage, Katherine Gage and H. Newton Smith. Citing La. C.C.P. arts. 2951 and 3061 and La.R.S. 47:2401, 2407 and 2411 the Department alleges that a judgment of possession should not be rendered until inheritance taxes have been paid. If the Department claims that taxes are due, despite a district court ruling to the contrary, the judgment of possession should not be rendered. The Department further contends that the judg *19 ment of possession should not have been rendered until the judgment on the rule to fix inheritance taxes was final.
The Department relies upon La.R.S. 47:2407(C) which provides that no succession representative shall be discharged unless all taxes due by the heirs and legatees are paid or until after judicial determination that no tax is due; and La.R.S. 47:2411 which provides that heirs or legatees are not entitled to be placed in possession and to alienate any part of an inheritance or legacy until the tax thereon has been paid or until judicial determination that no taxes are due; and La.C.C.P. art. 2951 which provides in part that “No judgment of possession shall be rendered ... unless satisfactory proof has been submitted to the court ... that no inheritance taxes are due by the heirs and legatees, or that all taxes shown by the return to be due have been paid ...”
La.C.C.P. art. 2954 provides that succession representatives, heirs or legatees may rule other interested parties into court in order to have the court determine whether inheritance taxes are due. La.C.C.P. art. 3061 provides in pertinent part:
The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for, and that all inheritance taxes due have been paid or deposited into the registry of the court, or that no such taxes are due and that an inheritance tax return, with the required accompanying documents, have been filed with the collector of revenue. (Emphasis added).
Generally, heirs or legatees may be sent into possession pursuant to La.C.C.P. art. 3061, even though inheritance taxes have not been paid or judicially determined when the maximum amount claimed by the tax collector has been deposited into the court registry. La.C.C.P. Title III, Chapter 3, Summary of Procedural Changes in Chapter 3 by Henry G. McMahon. After judicial determination that no taxes are due, a judgment of possession should be rendered, La.C.C.P. art. 3061, and the maximum amount claimed by the tax collector need not be deposited into the court registry. We have reversed the district court and hold that taxes are due. We need not reverse the judgment of possession, however, because once the trial court made a determination that no taxes were due he was required to render a judgment of possession under La.C.C.P. art. 3061.
The heirs ask to be relieved from the payment of interest even if they are found to owe additional taxes.
Pursuant to La.R.S. 47:2420(B) where reasonable cause is established to the satisfaction of the district judge who has jurisdiction over the succession upon application of the succession representative, the district judge may grant an extension of time within which inheritance taxes may be fixed and paid without interest or penalty. Although subsection (B) grants to the district judge the discretion to grant an extension of time in which to fix and pay taxes without interest, the legislature did not contemplate its application to a situation where the interest is waived until after the inheritance tax issue is litigated. The procedure by which an heir, donee or legatee may stop the running of interest against him is provided in La.R.S. 47:2420(A) with which procedure the Legatees did not comply. Consequently, interest is owed.
Accordingly, the judgment of the district court is reversed in part and affirmed in part. Costs are to be paid by the appellees.
REVERSED IN PART AND AFFIRMED IN PART AND RENDERED.
SHORTESS, J., dissents from that portion of the opinion which affirms the partial judgment of possession.