Dear Ms. Triche:
You requested the opinion of this office as to whether the West Baton Rouge School Board may assess a 1/2% sales tax for the cost of operating and maintaining the West Baton Rouge Parish School system?
You advised that the sales taxes presently being levied in West Baton Rouge Parish are as follows:
 Police Jury, parishwide, with an equitable division with the municipalities .......... 1.00%
 West Baton Rouge Sales Tax District No. 1, parishwide, with an equitable division with the municipalities ................... 1.00
 School Board, parishwide, for school purposes .................................. 1.00
 Fire Protection District No. 1, parishwide, divided equitably with Fire Subdistrict .... .50
Police Jury, parishwide, for the jail ...... .50
Total 4.000%
As you know, Article VI, Section 29 (A) of the Louisiana Constitution authorizes the governing authority of any local governmental subdivision or school board to levy and collect a sales tax, as follows in pertinent part:
 "(A) Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
 (B) However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose." (Emphasis added)
In Brock v. St. James Parish Council, 400 So.2d 745 (La.App. 4th Cir. 1981), the court considered a situation similar to the one presented herein. In Brock, the School Board levied a 2% sales tax and the Lutcher-Gramercy General Improvement District levied a 1% sales tax within the municipal limits of the towns of Lutcher and Gramercy. The Parish sought to hold an election to impose a 1% sales tax within the parish, which would cause the sales tax to be in excess of 3% within the towns of Lutcher and Gramercy. Suit was filed. The court reviewed the constitutional provision, as follows in pertinent part:
 ". . . Thus the real problem presented is whether the imposition of the 1% tax by the Lutcher-Gramercy General Improvement District prevents St. James Parish from enacting its 1% sales tax. We hold that it does not. We reiterate that this is not a contest involving a municipal tax and a parish tax, but one involving a district tax and a parish tax.
 . . . Thus, the issue revolves about the interpretation of Article 6, § 29 which imposes a limitation of 3% on local governmental subdivisions and school boards. We conclude that § 29 does not apply to districts but only to parishes, municipalities and school boards. The article only authorizes the governing authority of `any local governmental subdivision or school board' to levy and collect the tax. Similarly the 3% limitation is applicable to those taxes `levied and collected within any local governmental subdivision'. Article 6, § 44 provides specific definitions for the terms used in Article 6, and subsection (1) provides that local governmental subdivision means any parish or municipality. On the other hand subsection (2) provides that a `political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district. Hence we do not see that the district is authorized to issue any taxes under sec; 29. Instead its constitutional authority can only come from Article 6, § 30 relating to political subdivisions. That section provides that a political subdivision may exercise the power of taxation subject to limitations elsewhere provided in the constitution, under authority granted by the Legislature for parish, municipal and other local purposes, strictly public in their nature. However, the section concludes that it shall not affect similar grants to political subdivision under self-operative sections of ht is constitution. Clearly, Article 6, § 29 is a self-operative section authorizing a parish sales tax. Thus the district tax cannot affect it." (Emphasis supplied)
Accordingly, the taxes levied in West Baton Rouge Parish by West Baton Rouge Sales Tax District No. 1 and Fire Protection District No. 1 which total 1-1/2% are not subject to the three percent (3%) limit found in Article VI, Section 29 (A) of the Constitution.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney, General
 BY: ______________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH/