Dear Sheriff Jones:
You requested the opinion of this office concerning whether or not the St. John the Baptist Parish Law Enforcement District (the "District") has the authority to rebate sales taxes under the Louisiana Enterprise Zone Act, R.S. 51:1781, et seq. (the "Act"). Acting as Sheriff, you created the District pursuant to R.S. 33:9001, et seq. You, as sheriff, are the Chief Executive Officer of the District. The District proposed and the voters passed a .25% sales and use tax to fund the operations of the District. A company has proposed constructing a plant to be located within St. John the Baptist Parish (the "Parish") and the District and has requested that the District agree to rebate the sales and use tax imposed by the District with respect to the purchases of material used in the construction of a building for housing the business, and the machinery and equipment of the plant.
R.S. 51:1787 regarding Enterprise Zone incentives provides in pertinent part as follows:
 A. The board, after consultation with the secretaries of the Department of Economic Development and Department of Revenue, and with the approval of the governor, may enter into contracts not to exceed five years to provide:
 (1) For the rebate of sales and use tax imposed by the state and imposed by its local governmental subdivisions upon approval of the governing authority of the appropriate municipality or the appropriate parish where applicable, or both, of the purchases of the material used in the construction of a building, or any addition or improvement thereon, for housing any legitimate business enterprise and machinery and equipment used in that enterprise . . .
* * * * *
 B. The board may enter into the contracts provided in Subsection A of this Section provided that:
* * * * *
 (2)(a) The request for such a rebate of sales and use tax is accompanied by an endorsement resolution approved by the governing body of the appropriate municipality, parish, port district, or industrial development board in whose jurisdiction the establishment is to be located . . . (Emphasis added)
The term "local governmental subdivision" is not defined in R.S. 51:1783, which contains specific definitions for the purposes of the Act. However, "local governmental subdivision" is defined in Article VI, Section 44 (1) of the Louisiana Constitution to mean "any parish or municipality". A special district is not a "local governmental subdivision". Board of Directors of the Louisiana Recovery District v.All Taxpayers, et al., 529 So.2d 384 (La. 1988); Brock v. St. JamesParish Council, 400 So.2d 745 (La.App. 4th Cir. 1981). As noted in Op.Atty.Gen. 93-101, by Act No. 928 of the 1991 Regular Session ("Act No. 928"), the legislature amended R.S. 51:1787 in part to substitute the term "local governmental subdivision" for the previously used term "political subdivision". In that opinion and also in Op.Atty.Gen. 93-89, this office concluded that the use of the term "local governmental subdivision" in R.S. 51:1787 references the Constitutional definition such that "local governmental subdivision" refers to parishes and municipalities to the exclusion of school boards. This is further evidenced in the Title to Act No. 928 which provides in part:
 ". . . to remove sales and use taxes imposed by school boards and certain other political subdivisions from list of taxes rebated . . ." (Emphasis added).
Accordingly, it is the opinion of this office that the only entities which are authorized under the Act to rebate sales taxes are local governmental subdivisions, which is limited to parishes and municipalities.
You then question whether or not the District, under its inherent powers, may grant a rebate of the District's sales taxes. The legislature is authorized by Article VI, Section 19 of the Louisiana Constitution to create special districts, define their powers and grant to the special districts, such rights, powers and authorities as it deems proper. A special district only has the powers, rights and authorities that has been granted to it by the legislature. We further call your attention to Article VII, Section 14 of the 1974 Louisiana Constitution. It provides, in pertinent part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
It is the opinion of this office that a voluntary waiver by the District would constitute a prohibited donation in violation of Section 14 (A).
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv