Dear Mr. McCorquodale:
Based upon the recent opinion of this office finding that a law enforcement district does not have the authority to rebate sales taxes under the Louisiana Enterprise Zone Act, R.S. 51:1781, et seq. (the "Act"), you requested the opinion of this office as to whether the exclusion in R.S. 47:301(14)(G)(i) applies to a law enforcement district.
R.S. 47:301 contains definitions for purposes of sales and use taxes. Subsection (14)(g) pertains to "sales of services" which and provides in pertinent part:
 "The furnishing of repairs to tangible personal property, including but not restricted to the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment . . . shoes, and office appliances and equipment. Charges for the furnishing of repairs to tangible personal property may be excluded from sales of services, as defined in this Subparagraph, when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. This exclusion shall not apply to sales and use taxes levied by any parish, municipality or school board. However, any parish, municipality or school board may apply the exclusion as defined in this Subparagraph to sales or use taxes levied by any such parish, municipality, or school board. Offshore areas shall not be considered another state for the purpose of this Subparagraph.
You advised that the Calcasieu Parish Law Enforcement District (the "District") has been approached by a local aircraft maintenance facility to provide temporary relief from a portion of the sales tax collected by the District based on the number of "full time employees" retained by the facility.
Your questions are whether the District can agree to a reduction of sales taxes based upon the number of employees and whether Op.Atty.Gen. No. 02-0287 concluded that any type of tax credit involving a law enforcement district is inappropriate.
The power to tax is vested in the legislature, except as otherwise provided by the constitution. La. Const. Art. VII, Sec. 1. The authorization for a law enforcement district to levy a sales tax is based in La. Const. Art. VI, Sec. 30(A) which provides that "[a] political subdivision may exercise the power of taxation under authority granted by the legislature". Brock v. St. James Parish Council, 400 So.2d 745
(La.App. 4th Cir. 1981), writ denied 400 So.2d 1391; Op.Atty.Gen. 90-217. The legislature is R.S. 33:9004(C) provides in pertinent part:
 In addition to the taxes authorized by this Section, the district or subdistrict may levy and collect any other taxes authorized by the Constitution of Louisiana to political subdivisions, including a tax upon the sale at retail, the use, lease or rental, the consumption, and the storage for use or consumption of tangible personal property, and on sales of services as defined by law. The tax herein authorized shall be levied and collected only after the question of its imposition has been submitted to and approved by a majority of the qualified voters of the district voting in at a regularly scheduled primary or general election to be conducted in accordance with the Louisiana Election Code. This election may be called by the sheriff and ex officio executive officer of the district. (Emphasis added)
Exemptions from taxation must be expressly and clearly conferred and are to be strictly construed against the taxpayer. A.M.A. Distributors,Inc. v. School Board of the Parish of Iberville, 1998-0373 (La.App. 1 Cir. 4/1/99) 729 So.2d 765; Succession of Smith, 589 So.2d 16 (La.App. 1st Cir. 1991), writ denied, 594 So.2d 891 (La. 1992); McNamara v.Central Marine Serv., Inc., 507 So.2d 207 (La. 1987); Showboat StarPartnership v. Slaughter, 2000-1227 (La. 4/3/01), 789 So.2d 554; Meyersv. Flournoy, 25 So.2d 601 (La. 1946).
Accordingly, tax exemptions must be specifically conferred by the legislature. The tax exception set forth in R.S. 47:301(14)(g) only applies to taxes levied by parishes, municipalities and school boards and does not apply to the tax of a law enforcement district. Thus in answer to your specific questions, the District can only agree to a reduction of sales taxes based upon the number of employees and the District can only give a tax credit, in instances specifically authorized by law.
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: January 22, 2003