Dear Sheriff Prator:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have requested our opinion on whether the Caddo Parish Sheriffs Office/Law Enforcement District is authorized to participate in a Louisiana Quality Jobs Program Sales and Use Tax Rebate Agreement as outlined in La. R.S. 51:2451, et seq. Your opinion request touches upon provisions of both the Louisiana Quality Jobs Program Act and the Louisiana Enterprise Zone Act. Accordingly, we believe a brief review of both Acts would be beneficial.
The Louisiana Quality Jobs Program Act ("Quality Jobs Act") was enacted to provide incentives to employers who make significant contributions to the development of the economy of the state and to further induce businesses to locate and expand existing operations in Louisiana.[1] Under the Quality Jobs Act, the state Board of Commerce and Industry may enter into contracts with various employers, whereby provided the requirements of the Quality Jobs Act are fulfilled; the employer may receive an incentive rebate for taxable periods specified in the contract.[2] In addition to the incentive rebate authorized by Section 2455 of the Quality Jobs Act, Section 2456 of the Quality Jobs Act entitles an employer who has executed a contract under the provisions of the Quality Jobs Act to the same sales and use tax rebates authorized by the Louisiana Enterprise Zone Act[3].
The Louisiana Enterprise Zone Act ("Enterprise Zone Act") was enacted to encourage development, growth, and expansion of the private sector within the state and to further stimulate business and industrial growth.[4] Instead of an incentive rebate, the Enterprise Zone Act authorizes a rebate of sales and use tax imposed by the state and its political subdivisions. In order to take advantage of the sales and use tax rebate authorized by the Enterprise Zone Act, the participating employer must meet a number of requirements, including, but not limited to meeting certain minimum hiring requirements, as well as obtaining the approval of the governing authority of the appropriate municipality or the appropriate parish, and of the governing authority of any other political subdivision, including the office of sheriff in the case of a law enforcement district.[5]
Generally speaking, an employer receiving the incentive rebate authorized by the Quality Jobs Act is not eligible to receive the sales and use tax rebate provided by the Enterprise Zone Act.[6] However, as indicated above, the provisions of Section 2456 (B) of the Quality Jobs Act operates as an exception to that general rule. Section 2456 (B) of the Quality Jobs Act further provides that:
 "[a]ny contract executed under this Chapter which provides for a rebate of local sales and use taxes shall include the same procedures and requirements under R.S. 51:1787 for rebates involving local sales and use taxes, including but not limited to the requirement that any such request for a rebate of local sales and use taxes be accompanied by an endorsement resolution approved by the governing authority of the appropriate municipality, parish, port district, or industrial district board in whose jurisdiction the employer is or will be located"
After review of both the Quality Jobs Act and the Enterprise Zone Act, it is the opinion of this Office that the Sheriff may participate in a Louisiana Quality Jobs Program Sales and Use Tax Rebate Agreement as outlined in La. R.S. 51:2456.
As indicated in your request, Act 844 of the 2006 Regular Legislative Session amended the Enterprise Zone Act to specifically include a law enforcement district as a participating "political subdivision" and the office of sheriff as a "governing authority". Thus, the office of sheriff/law enforcement district is specifically authorized to participate in a sales and use tax rebate agreement under the provisions of the Enterprise Zone Act. However, you correctly point out that the Quality Jobs Act was not amended to specifically include the office of sheriff/law enforcement district as being a possible "governing authority". Notwithstanding, we are of the opinion that the fact that the Quality Jobs Act was not amended to include the office of sheriff/law enforcement district, does not amount to a per se prohibition against the office of sheriff/law enforcement district from participating in a sales and use tax agreement.
In general terms, words and phrases of a statute are to be read in context and construed according to their common meaning.[7] A review of Section 2456 of the Quality Jobs Act reveals that the additional sales and use tax rebate set forth in Section 2456(B) specifically requires that the contracting employer meet the enterprise zone program hiring requirements and all other limitations, procedures, and requirements of La. R.S. 51:1787, including, but not limited to the requirement of obtaining approval of the governing authority of the appropriate municipality, parish, port district, or industrial district board"[8].
Thus, it follows that if an employer, (1) executes a contract under the provisions of the Quality Jobs Act, (2) complies with all of the provisions and requirements of the Enterprise Zone Act, then (3) the employer is automatically entitled to local sales and use tax rebate authorized by the Enterprise Zone Act. Although the Quality Jobs Act does not specifically mention or otherwise indicate that the office of sheriff/law enforcement district is a participating "political subdivision" or "governing authority", the Enterprise Zone Actdoes.[9]
Accordingly, it is the opinion of this office that the office of sheriff/law enforcement district may participate in a Louisiana Quality Jobs Program Sales and Use Tax Rebate Agreement, insofar as the employer must (1) meet all of the requirements of the Enterprise Zone Act and (2) the Enterprise Zone Act specifically authorizes that office of sheriff/law enforcement district to participate in such agreements.
We note that your opinion request makes reference to prior Attorney General Opinions where we adhered to the rule that the power to tax is vested in the legislature and exemptions from taxation must be expressly and clearly conferred and are to be strictly construed against the taxpayer.[10] This remains the opinion of this office.
However, the rebates authorized by the Enterprise Zone Act and Quality Jobs Act are not exemptions. The word rebate is defined in Black's LawDictionary, 8th ed. as "a return of part of a payment, serving as a discount or reduction". Thus, a rebate is simply a deduction or drawback from a stipulated payment, not taken out in advance of payment, but handed back to the payer after he has paid the full stipulated sum. In relation to taxes, a rebate is an amount returned to the taxpayer after he has made full payment of the tax. On the other hand, an exemption is defined as a "freedom from a duty, liability, or other requirement; an exception. Thus, it involves the reduction or elimination of an obligation to pay taxes on the front end.
We trust this adequately responds to your request. If you should any questions, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ___________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
[1] See generally La. R.S. 51:2452.
[2] La. R.S. 51:2455. The incentive rebate authorized by the Quality Jobs Act is disbursed by the secretary of the Department of Revenue from either the collection of income taxes or corporation franchise taxes.See La. R.S. 51:2455 (C).
[3] La. R.S. 51:1781, et seq.
[4] See generally La. R.S. 51:1787.
[5] See La. R.S. 51:1787.
[6] La. R.S. 51:2458.
[7] Succession of Brown, 468 So.2d 794, 796 (La.App. 1st Cir. 1985).
[8] La. R.S. 51:1787.
[9] See La. R.S. 51:2456, La. R.S. 51:1787.
[10] See La. Const. Art. VII, Sec. 1, A.M.A. Distributors, Inc. v.School Board of the Parish of Iberville, 1998-0373 (La.App. 1 Cir. 4/1/99) 729 So.2d 765; Succession of Smith, 589 So.2d 16 (La.App. 1st Cir. 1991), writ denied, 594 So.2d 891 (La. 1992); McNamara v. CentralMarine Serv., Inc., 507 So.2d 207 (La. 1987); Showboat Star Partnershipv. Slaughter, 2000-1227 (La. 4/3/01), 789 So.2d 554; Meyers v.Flournoy, 25 So.2d 601 (La. 1946).