THE DESCENDANTS PROJECT

VERSUS

LUCIEN J. GAUFF, III, ASSESSOR AND
GREENFIELD LOUISIANA, LLC

NO. 24-C-317

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

July 31, 2024

Linda Wiseman
First Deputy Clerk

IN RE PORT OF SOUTH LOUISIANA

---

APPLYING FOR SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH
OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE,
DIVISION "A", NUMBER 79,485

---

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

## WRIT DENIED IN PART; GRANTED IN PART

Respondents/plaintiffs, The Descendants Project ("TDP") filed a petition for declaratory relief on April 10, 2023, at the Fortieth Judicial District Court, which challenged a cooperative endeavor agreement ("CEA") between the relator, The Port of South Louisiana ("The Port") and Greenfield Louisiana LLC ("Greenfield"). TDP's original and amended petitions for declaratory relief alleged, in summary, that the defendants engaged in a simulated sale of property using the CEA to avoid payment of *ad valorem* taxes. The Port filed several exceptions, including that TDP's claims were perempted.[1] The trial court only granted one of The Port's exceptions, in part. This writ application follows.

*The exceptions of no cause and no right of action*

The Port filed an exception of no right of action. The party raising the exception has the burden of proving the exception. *City of New Orleans v. Board of Directors of Louisiana State Museum*, 98-1170 (La. 3/2/99), 739 So.2d 748, 755. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews *de novo*. *Wallace C. Drennan, Inc. v. Kerner*, 21-664 (La. App. 5 Cir. 8/17/22), 348 So.3d 194, 199.

Our jurisprudence recognizes the right of a taxpayer to seek judicial review, including the annulment of a contract, of acts of public servants that are alleged to have been contrary to law, unconstitutional, or illegally confected. *Bunge N. Am.,*

---

[1] Both parties agree that the applicable standards for reviewing the CEA at issue are found at La. R.S. 33:9031.1, *et seq*, commonly known as the "Bond Validation Statutes."

24-C-317

*Inc. v. Bd. of Com. & Indus. & Louisiana Dep't of Econ. Dev.*, 07-1746 (La. App. 1 Cir. 5/2/08), 991 So.2d 511, 523, *writ denied sub nom. Bunge N. Am., Inc. v. Bd. of Com. & Indus.*, 08-1594 (La. 11/21/08), 996 So.2d 1106, *citing Roussel v. Noe*, 274 So.2d 205, 210 (La. App. 1st Cir.), *writ refused*, 281 So.2d 743 (La.1973). The petition was filed by "a non-profit corporation based in and owning property in St. John the Baptist Parish." The fact that the taxpayer's interest may be small and insusceptible to accurate determination is insufficient to deprive him of the right. *Stewart v. Stanley*, 199 La. 146, 5 So.2d 531 (1941). After our *de novo* review, we find no error in the trial court's denial of its exception of no right of action.

The Port also filed an exception of no cause of action, which it was responsible for proving. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf, the petition states a valid cause of action for relief. *Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc.*, 11-660 (La. App. 5 Cir. 2/28/12), 88 So.3d 1097, 1100. Whether the plaintiff can prove the allegations outlined in the petition is not determinative of the exception of no cause of action. *New Orleans Craft Temple, Inc. v. Grand Lodge of Free and Accepted Masons of the State of Louisiana*, 13-525 (La. App. 5 Cir. 12/19/13), 131 So.3d 957, 962.

Concerning actions brought by taxpayers, our supreme court observed in *Louisiana Associated Gen. Contractors, Inc. v. Calcasieu Par. Sch. Bd.*, 586 So.2d 1354, 1357-58 (La. 1991):

> Our jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Under Louisiana law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property.

Here, the trial court found that the plaintiffs stated a cause of action on the face of their petition by "seeking a declaratory judgment that the property should not be exempt from ad valorem taxation." After review, we find no error in the trial court's ruling that the petition provides a sufficient cause of action.

*The exception of improper cumulation of actions*

In its exception of improper cumulation of actions, The Port argued that TDP impermissibly combined the ordinary proceeding, used for a declaratory judgment action, with the summary proceedings required for a claim raised under the BVA. The trial court agreed and granted The Port's exception. The Port now argues that the trial court, in its reasons for judgment, erred in stating that the declaratory judgment would proceed by ordinary process. Appellate courts do not review reasons for judgment as a part of the judgment itself. La. C.C.P. art. 1918; *Burmaster v. Plaquemines Parish Government*, 07-1311 (La. 8/31/07), 963 So.2d 378, 379. Nevertheless, we uphold the granting of The Port's exception while noting that a declaratory judgment must be tried in an ordinary proceeding.

In this assignment, The Port also claims the trial court erred in ordering a bifurcation of TDP's "non-existent claim for damages" in its reasons for judgment. Again, this statement does not form part of the judgment itself. At this point in the proceeding, there has been no judgment against The Port, nor have any damages

2

been assessed. A case is not ripe for review unless it raises more than a generalized, speculative fear of unconstitutional action. *Louisiana Fed'n of Tchrs. v. State*, 11-2226 (La. 7/2/12), 94 So.3d 760, 763, *citing State v. Rochon*, 11-0009 (La.10/25/11), 75 So.3d 876, 882. Accordingly, we will pretermit further discussion of this issue.

*Failure to address the nullity argument*

The Port argues that the trial court erred by failing to address whether the lawsuit is an absolute nullity as a matter of law. However, silence in a judgment on any issue placed before the court is deemed a rejection of the claim, and the relief sought is presumed to be denied. *Adams v. Sysco Food Service of New Orleans*, 07-935 (La. App. 5 Cir. 6/30/08), 990 So.2d 34, 48. Therefore, we find no error that requires correction on the showing made.

*Exception of peremption*

In its exception of peremption, The Port referenced Louisiana Constitution article VI, section 35(B) which, as applied to this case,[2] requires that any challenge to the legality of a CEA must be made within **30 days after the date of the CEA's publication**. Article VI clarifies that publication "shall be published at least once in the official journal of the political subdivision or, if there is none, in a newspaper having general circulation therein." The article further provides, "After… [30 days], no one shall have any cause of action to test the regularity, formality, legality, or effectiveness of ... the resolution, and provisions thereof for any cause whatever." The Port argued in its peremption exception that TDP's July 20, 2023 challenge to the April 11, 2022 CEA was time-barred because the peremptive period began on May 26, 2022, the date of publication of The Port's resolution and the CEA in an area newspaper called the News-Examiner.

In opposing The Port's exception of peremption, TDP did not contest the applicability of the 30-day peremptory period. TDP also did not dispute the filing date of its lawsuit, which was filed outside of the 30-day window. This information, without more, indicates that TDP's action is untimely on its face. However, TDP asserted in a pleading that the 30-day time for peremption had never run because the CEA had never been published. Specifically, counsel for TDP wrote in an opposing memorandum, "Defendants do not suggest that The Port/Greenfield CEA or lease was published in a journal or newspaper. Nor can TDP's counsel find any indication that it was published. There is no argument or evidence that the triggering event for peremption has occurred." In its motion, we note that The Port did not reference the publication requirement of Louisiana Constitution article VI, section 35(B), and erroneously stated that the peremption began to run from April 11, 2022, the date the CEA was entered into. However, The Port did properly acknowledge the publication requirement at the January 18, 2024 hearing.

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if the plaintiff's claim is perempted or prescribed on its face, the burden shifts to the plaintiff to show the action is not perempted or

---

[2] The language in Louisiana Constitution article VI, section 35(B) references "bonds" and "bond resolutions." However, the term "bond" and "CEA" are interchangeable under Louisiana R.S. 33:9031.1, *et seq*. See, for example, *Denham Springs Econ. Dev. Dist. v. All Taxpayers, Prop. Owners & Citizens of Denham Springs Econ. Dev. Dist*., 05-1684 (La. App. 1 Cir. 8/25/05), 927 So.2d 328, 335, *writ granted*, 05-2274 (La. 4/17/06), 945 So.2d 689, *and aff'd*, 05-2274 (La. 10/17/06), 945 So.2d 665.

prescribed. *Prevo v. State ex rel. Dept, of Public Safety and Corrections Div. of Probation and Parole*, 15-0823 (La. 11/20/15), 187 So.3d 395, 398. To defeat The Port's exception, TDP needed to prove that the CEA was not published according to Louisiana Constitution article VI, section 35(B), thereby interrupting or suspending the 30 days for peremption.

On the trial of the peremptory exception pleaded at or before the trial of the case, evidence may be introduced to support or refute any of the objections pleaded when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Significantly, TDP offered no evidence opposing The Port's exception in the record. It also did not object to The Port's exhibits, which proved the publication of the CEA in the News-Examiner newspaper on May 26, 2022. To the contrary, TDP acknowledged the publication of the CEA in the News-Examiner. Counsel for TPD asserted, without evidentiary support, that the News-Examiner was not the correct publication, as it is a paper in St. James Parish and is not the official journal of The Port. The argument of counsel, however, no matter how artful, is not evidence. *Rising Resources Control, Inc. v. KIE Commodities and Finance, L.L.C.*, 11-1026 (La. App. 1 Cir. 12/21/11), 80 So.3d 1217, 1220, *writ denied*, 12-0658 (La. 4/27/12), 86 So.3d 632.

While, on the showing made, it appears that TDP did not meet its burden to defeat the exception of peremption, we now examine the evidence before the trial court when it considered the exception.

To establish the publication date of the CEA, The Port introduced several exhibits at the January 18, 2024 hearing. The first was The Port's commission meeting minutes from August 4, 2004, which show its selection of an "official journal" that would rotate between three specific newspapers: The St. Charles Herald Guide, *L'Obervateur*, and News-Examiner. It would appear that The Port selected one newspaper in each of the three parishes that make up its geographical boundaries. An excerpt of the May 26, 2022, edition of the News-Examiner, admitted into evidence without objection, includes the Commission's April 6, 2022, meeting minutes, including the motion/resolution authorizing The Port to enter into the CEA with Greenfield. Also entered into evidence was an invoice dated May 26, 2022, from RUHR Valley Publishing, Inc. to The Port of South Louisiana for "Official Proceedings (Special Meeting 04-06-22)." The Port denied printing any publication on its own that met the legal definition of an "official journal" and referred to La. R.S. 43:171 mandates that political subdivisions such as The Port must have their proceedings "published in a newspaper," which is the standard it complied with.

Considering that TDP bore the burden of proof to defeat the exception, we find that it introduced no evidence to demonstrate that The Port published its journal of meeting minutes and public notices. It also did not prove in the hearing that the News-Examiner failed to qualify as a suitable publication under La. R.S. 43:171. As noted above, it did not object to or challenge The Port's evidence introduced into the record.

In the case of *Brock v. St. James Par. Council*, 400 So.2d 745 (La. Ct. App.), *writ denied*, 400 So.2d 1391 (La. 1981), the Fourth Circuit considered an issue of whether the St. James Parish Council had properly advertised a proposition permitting the Parish to impose a sales tax and authorize the issuance of bonds. On appeal, the plaintiff, a taxpayer, alleged improper publication of the election notice

and that the notice was published in a paper unqualified to serve as the official journal of the parish. The trial court found no merit in the plaintiff's argument. On appeal, the Court opined:

> Additionally, it should be noted that the trial judge permitted evidence to be introduced on this issue in order that a complete record might be had. We have examined that evidence, and we find that the plaintiff has not proven facts which would support his contention. During the pertinent time, the St. James Council had appointed a newspaper to be an official journal, and the validity of that appointment has never been adjudicated upon. Accordingly, that newspaper is the parish journal at the time in question. We do not think it appropriate to inquire into the qualifications of that newspaper and the validity of its appointment in the context of this suit.
> However, even conceding for the sake of argument that the newspaper was not qualified as an official journal, nevertheless the facts show it to be a newspaper of general circulation in the parish and fulfilling the qualifications imposed by LSA-R.S. 18:1285. Lastly, we point out that there is no evidence adduced which showed that any more or less voters would have voted or that they would have voted differently. Accordingly, we conclude that plaintiff's attack on the election process lacks merit.

*Id*. at 747.

When evidence is introduced to support or refute an exception of peremption, the court will decide the facts based on the evidence presented, and the trial court's factual conclusions are subject to a manifest error or clearly wrong standard of review. *Kinnett v. Kinnett*, 17-625 (La. App. 5 Cir. 8/6/20), 302 So.3d 157, *writ granted*, 20-01134 (La. 2/9/21), 309 So.3d 735, *and writ granted*, 20-01143 (La. 2/9/21), 309 So.3d 735, *and writ granted*, 20-01156 (La. 2/9/21), 309 So.3d 738, *and rev'd in part*, 20-01134 (La. 10/10/21), 332 So.3d 1149. Here, the trial court found in its reasons for judgment that The Port failed to publish the resolution authorizing the CEA "to the official journal of the Port of Louisiana and the *L'Observateur*, the official journal of Saint John the Baptist Parish." However, as stated above, there was no evidence that The Port published its own official journal. While the yearly details of The Port's selection process for official journals are not available to us after 2004, it would appear that it continued to print its legal notices in at least one of its picks for an official journal since that time.

As in *Brock, supra*, even assuming for the sake of argument that the News-Examiner was not the official journal of The Port at the time it published the Commission's April 6, 2022, meeting minutes in its May 26, 2022 edition, the News Examiner still fulfilled the requirement under Louisiana Constitution article VI, section 35(B) of being "a newspaper having general circulation." While *L'Observateur* and The St. Charles Herald Guide may have also been suitable publications, either as official rotating journals of The Port or newspapers of general circulation, article VI only requires placement in a single publication. Without any evidence to the contrary, the record shows that The Port fulfilled its duty of publishing the CEA. Accordingly, TDP's petition was untimely filed.

After reviewing the application, the evidence introduced at the hearing, and the judgment at issue, we find that the trial court was manifestly erroneous in its

finding of fact regarding The Port's Exception of Peremption and reverse its ruling. Accordingly, for the reasons stated, we partially deny The Port's writ application and grant the writ on the issue of the exception of peremption.

Gretna, Louisiana, this 31st day of July, 2024.

**JJM**
**SJW**
**ALC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/31/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-317**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
William B. Most (Respondent)            Peter J. Butler, Jr. (Relator)
Richard G. Passler (Relator)            David J. Lanser (Respondent)

### MAILED

Caroline Gabriel (Respondent)           Kayla M. Jacob (Relator)
Attorney at Law                         Attorney at Law
201 St. Charles Avenue                  909 Poydras Street
Suite 2500 No. 9685                     Suite 1500
New Orleans, LA 70170                   New Orleans, LA 70112

## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

7016 2070 0000 0954 8490

For delivery information, visit our website at *www.usps.com®*.

| | |
|---|---|
| Certified Mail Fee | $ |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |

Postmark Here

Total $

Sent To
Caroline Gabriel
Attorney at Law
201 St. Charles Avenue
Suite 2500 No. 9685
New Orleans, LA 70170
24-C-317        07-31-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Caroline Gabriel
Attorney at Law
201 St. Charles Avenue
Suite 2500 No. 9685
New Orleans, LA 70170
24-C-317        07-31-24

9590 9402 2434 6249 3566 06

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8490

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X        ☐ Agent
         ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

---

### U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

7016 2070 0000 0954 8506

For delivery information, visit our website at *www.usps.com®*.

| | |
|---|---|
| Certified Mail Fee | $ |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ |

Postmark Here

Kayla M. Jacob
Attorney at Law
909 Poydras Street
Suite 1500
New Orleans, LA 70112
24-C-317        07-31-24

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kayla M. Jacob
Attorney at Law
909 Poydras Street
Suite 1500
New Orleans, LA 70112
24-C-317        07-31-24

9590 9402 2434 6249 3566 13

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8506

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X        ☐ Agent
         ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Caroline Gabriel
Attorney at Law
201 St. Charles Avenue
Suite 2500 No. 9685
New Orleans, LA 70170
24-C-317                    07-31-24

9590 9402 2434 6249 3566 06

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8490

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
Afika Bose                            8-8-24

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt