Dear Mayor Bullock,
You have requested an Attorney General's opinion regarding a one-cent sales tax approved by the electorate of Ouachita Parish in 1977 for use in maintaining Parish roads. Specifically, you ask whether the Town of Sterlington, an incorporated municipality within Ouachita Parish, can call a special election and allow its voters to determine whether they want to continue paying the one cent sales tax to the Parish. Your second question is similar and asks if the Town can call a special election and attempt to get the portion of the tax paid by the Town rededicated for the maintenance of roads and ditches within the Town.
In short, the Town of Sterlington can do neither. As will be discussed below, the voters of the Town of Sterlington cannot repeal or rededicate a tax approved by the electorate of the parish. We direct your attention the following statutes.
LSA-R.S. 33:2714 provides:
 The ordinance imposing said tax and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes.
 LSA-R.S. 33:2723 provides in pertinent part:
 . . . Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof. *Page 2 
 LSA-R.S. 39:704 provides, in pertinent part:
 The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authority shall clearly reflect the objects and purposes for which the proceeds of the tax are used.
Pursuant to the these provisions of law, this office has consistently determined that the proceeds of the special sales and use taxes must be used in accordance with the will of the electorate as set forth in the proposition, and their use is dictated solely by the language contained in the proposition approved by the voters.[1] Additionally, longstanding Louisiana jurisprudence requires that special tax authorizations be strictly construed.[2]
This one-cent sales tax was approved by the electorate of Ouachita Parish in 1977 pursuant to a proposition which provides, in pertinent part, as follows:
 Shall the Parish of Ouachita . . . be authorized to levy and collect a tax of one percent (1%) upon the sale at retail, the use . . . and on sales of services . . . within said Parish and outside the corporate limits of the Cities of Monroe and West Monroe . . . to be dedicated and used for the purpose of improving, resurtacing, renovation, operating and maintaining pubic roads and bridges . . . within said Parish and outside the corporate limits of the Cities of Monroe and West Monroe.
According to the proces verbal of the canvass of the votes cast at the special election called to approve this tax in 1977, the election was held in Ouachita Parish, outside of the corporate limits of the Cities of Monroe and West Monroe. As approved, this is a parish-wide tax, exclusive only of the incorporated cities of Monroe and West Monroe. It may only be repealed or rededicated by the entire electorate of the Parish outside the corporate limits of these two cities. The Town of Sterlington cannot repeal the tax, or a any portion of it, on its own by calling an special election of the Town's voters.
The answer is the same for rededicating the tax, or any portion of it. The repeal or rededication must be submitted to the same voters who approved the tax initially.
Please note that the Town can, however, call a special election for an additional tax within its corporate limits to be used for maintenance of roads and ditches inside those limits. *Page 3 
We trust this adequately addresses your concerns. If you have any questions, please contact our office.
With kindest regards, we remain,
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 By: ______________________________
 Denise Brou Fitzgerald
 Assistant Attorney General
[1] See Atty. Gen. Op. Nos. 05-0303, 05-0122, 04-0156, 04-0267, 96-246, 93-424, 93-47 and 92-50.
[2] (See Hemler v. Richland Parish School Board, 76 So. 585
(La. 1917); Watkins v. Ouachita Parish School Board, 136 So 591
(La. 1931); Hodnett v. Monroe City School Board, 277 So.2d 598
(La.App. 2nd Cir. 1972), and Brock v. St. James ParishCouncil, 407 So.2d 1265 (La.App. 4th Cir. 1981), writ denied.