Dear Mr. Haik:
You requested an Attorney General's opinion regarding the proceeds of a ¼% sales and use tax that is currently being levied in Iberia Parish. You advise that the sales tax in question was approved by a majority of electors of Iberia Parish. The renewal proposition was as follows:
 PROPOSITION (SALES TAX RENEWAL) SUMMARY: AUTHORITY TO RENEW A ¼% SALES TAX FOR 10 YEARS WITH THE PROCEEDS TO BE USED AS FOLLOWS: (1) TO PAY THE COST OF MAINTAINING AND OPERATING A PARISHWIDE MOSQUITO CONTROL PROGRAM, INCLUDING THE COST OF ACQUIRING LAND, BUILDINGS AND EQUIPMENT NECESSARY IN CONNECTION THEREWITH; AND (2) THE BALANCE OF THE PROCEEDS TO BE DIVIDED ANNUALLY ON OR BEFORE MAY 1ST OF EACH YEAR, BETWEEN THE PARISH AND THE INCORPORATED MUNICIPALITIES OF THE PARISH ON A PER CAPITA BASIS ACCORDING TO THE 2000 U.S. CENSUS, FOR THE PURPOSE OF CONSTRUCTING, ACQUIRING AND IMPROVING DRAINAGE FACILITIES; WITH AUTHORITY TO FUND THEIR RESPECTIVE PROCEEDS INTO BONDS FOR PAYING THE COST OF THE AFORESAID CAPITAL IMPROVEMENTS.
 Shall the Parish of Iberia, State of Louisiana (the "Parish") under the provisions of Article VI, Section 29 of the Constitution of the State of Louisiana of 1974, and other constitutional and statutory authority *Page 2 
supplemental thereto, be authorized to continue to levy and collect a tax of one-fourth of one percent (1/4%) (the "Tax") upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the Parish, all as presently defined in La. R.S. 47:301 through 47:317, for a period of ten (10) years from August 1, 2003, with the proceeds of the Tax (after paying the costs of collecting and administering the Tax), to be used as follows:
 1. to pay the cost of maintaining and operating a Parishwide mosquito control program, including the cost of acquiring land, buildings and equipment necessary therefore; and
 2. The balance of the proceeds to be divided annually on or before May 1st of each year, between the Parish and the incorporated municipalities of the Parish on a per capita basis according to the 2000 U.S. Census, for the purpose of constructing, acquiring and improving drainage facilities; and further, shall the Parish and the municipalities in the Parish be authorized to fund their respective proceeds of the Tax into bonds to pay the cost of the aforesaid capital improvements to the extent and in the manner permitted by the laws of Louisiana, including Sub-Part F, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended?
The Iberia Parish Mosquito Control Board ("Board") seeks to use $500,000 of 2005 sales tax proceeds to establish a "contingency fund" to be used in the case of emergency. It is our understanding that the Board's fiscal year runs from January 1st through December 31. You question whether the Iberia Parish Mosquito Control Board ("Board") has the authority to withhold sales tax funds to establish a "contingency fund", or whether the Board is required to disburse, to the Parish and municipalities, the balance of funds not spent by the Board on an annual basis.
LSA-R.S. 39:704 indicates that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. Additionally, the jurisprudence of this state provides that special tax authorizations must be strictly construed. Police Jury of theParish of Acadia v. All Taxpayers, et al., 95-145 (La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied; Hemler v.Richland Parish School Board, 76 So. 585 (La. 1917); Watkins v.Ouachita Parish School Board, 136 So. 591 (La. 1931); Hodnettv. Monroe City School Board, 277 So.2d 598 (La.App. 2nd Cir. 1972) and Brock V. St. James Parish Council, 407 So.2d 1265
(La.App. 4th Cir. 1981), writ denied. *Page 3 
LSA-R.S. 33:2714 provides:
 The ordinance imposing said tax and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes.
Also, LSA-R.S. 33:2723 provides in pertinent part:
 . . . Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof.
Pursuant to the above referenced provisions of law, this office has consistently opined that the use of the proceeds of a sales and use tax adopted at an election in the State of Louisiana must be used in accordance with the will of the electorate, as set forth in the proposition approved by the voters. R.S. 39:704; R.S. 33:2714; R.S. 33:2723. In accord: Attorney General's Opinion Nos. 04-0267, 03-0157, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
The language contained in the proposition at issue dedicated the use of the sales tax proceeds to two purposes. The funds are first to be used to pay the cost of maintaining and operating a Parishwide mosquito control program. The balance of the funds is to be divided annually, on or before May 1st of each year, between the Parish and the incorporated municipalities of the Parish.
The proceeds of the sales tax must be used to pay the costs of maintaining and operating the mosquito control program. However, nothing in the proposition authorizes or permits the Board to retain unexpended funds on a year-to-year basis. In fact, the proposition specifically provides that the balance of funds is to be distributed to the Parish and municipalities on a yearly basis. It is the opinion of our office that the Board must turn over all unexpended funds remaining at the end of the fiscal year to the Parish and municipalities. Therefore, the Board may not retain any 2005 sales tax proceeds; such proceeds must be dispersed to Iberia Parish and the incorporated municipalities of the Parish on or before May 1, 2006.
We also point out that the sales tax proceeds distributed to the Parish and municipalities may be used only "for the purpose of constructing, acquiring and improving drainage facilities." *Page 4 
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _________________________________ KENNETH L. ROCHE, III Assistant Attorney General